Courtland L. Reichman
(California Bar No. 268873)
Jennifer P. Estremera
(California Bar No. 251076)
MCKOOL SMITH PC
255 Shoreline Drive, Suite 510
Redwood Shores, California 94065
Telephone: (650) 394-1400
Facsimile:  (650) 394-1422
creichman@mckoolsmith.com
jestremera@mckoolsmith.com

John B. Campbell (Admitted *Pro Hac Vice*)
Kathy H. Li *(Admitted Pro Hac Vice)*
MCKOOL SMITH PC
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744
jcampbell@mckoolsmith.com
kli@mkoolsmith.com

*Attorneys for Plaintiff*
Immersion Corporation

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
555 California Street
KIRKLAND & ELLIS LLP
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Lien Dang (SBN 254221)
lien.dang@kirkland.com
KIRKLAND & ELLIS LLP
3330 Hillview Avenue
Palo Alto, California 94304
Telephone: (650) 859-7000
Facsimile:  (650) 859-7500

*Attorneys for Defendant*
Fitbit, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IMMERSION CORPORATION,<br><br>        Plaintiff,<br><br>        v.<br><br>FITBIT, INC.,<br><br>        Defendant. | CASE NO. 5:17-cv-03886-LHK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Honorable Lucy H. Koh |

Pursuant to the Court's October 18, 2017 Case Management Order (Dkt. No. 35), Plaintiff Immersion Corporation ("Immersion") and Defendant Fitbit, Inc. ("Fitbit") submit this Joint Case Management Statement in anticipation of the Further Case Management Conference scheduled for February 28, 2018 at 2:00 P.M.

## I.      DEVELOPMENTS SINCE THE INITIAL CASE MANAGEMENT CONFERENCE

The following progress or changes have occurred since the last case management statement filed by the parties:

- On November 1, 2017, the parties served their Initial Disclosures.  On the same day, Immersion served its infringement contentions and disclosures pursuant to P.L.R. 3-1 and 3-2.

- On December 18, 2017, Fitbit served its invalidity contentions and disclosures pursuant to P.L.R. 3-3 and 3-4.

- On January 8, 2018, the parties exchanged their proposed terms for construction pursuant to P.L.R. 4-1.

- On January 23, 2018, the parties exchanged their preliminary claim constructions and supporting evidence pursuant to P.L.R. 4-2.

- On February 6, 2018, Immersion served its damages contentions pursuant to P.L.R. 3-8.

- On February 8, 2018, the parties conducted a full-day mediation with their agreed-upon mediator, Professor Francis McGovern.  No resolution has yet occurred.

- On February 13, 2018, the Court took Fitbit's Motion to Dismiss under submission without oral argument and vacated the hearing previously set for February 15, 2018 (Dkt. No. 45).  On the same day, Immersion also filed a Statement of Recent Decision (Dkt. No. 46).

## II.     DISCOVERY

### A.      Immersion's Statement

Besides the production of a single document showing incomplete information regarding Accused Product sales and revenue on February 1, 2018, and some licensing documents on February 2, 2018, Immersion is still awaiting Fitbit's complete production of documents required under Patent L.R. 3-4, which was due on December 18, 2017.

### Documents Required Under Patent Local Rule 3-4(a)

Fitbit failed to produce or make available for inspection and copying source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show

**1**

the operation of any aspects or elements of an Accused Instrumentality identified by Immersion in its Patent L.R. 3-1(c) chart, as required by Patent Local Rule 3-4(a).  Although these documents were due on December 18, 2017, Fitbit claimed that it would produce "confidential and proprietary documents sufficient to show the operation of the Accused Instrumentalities" "upon the entrance of the parties' joint stipulated protective order," which the parties continue to negotiate.   The Protective Order authorized by the Northern District of California governs discovery in this action until the Court enters a different protective order – Fitbit cannot withhold its Patent L.R. 3-4(a) production based on the pending entrance of the parties' joint stipulated protective order.  Although Fitbit was certainly aware of its obligation to produce its Patent L.R. 3-4(a) documents on December 18, 2017 under the Patent L.R. 2-2 Model Protective Order, Immersion reiterated Fitbit's obligations by letter on February 16, 2018.

### **Documents Required Under Patent Local Rule 3-4(d)**

Fitbit has not complied with its production obligations under Patent L.R. 3-4(d).  Specifically, Patent Local Rule 3-4(d) required Fitbit to produce with its Invalidity Contentions on December 18, 2017 "Documents sufficient to show the sales, revenue, cost, and profits for accused instrumentalities identified pursuant to Patent L.R. 3-1(b) for any period of alleged infringement[.]"  The documents Fitbit cited as satisfying this requirement were not sufficient to show the sales, revenue, cost, and profits for the Accused Products; they were entirely composed of Fitbit's public quarterly (form 10-Q) and annual (form 10-K) companywide reports, covered a period of less than three years, and did not set out the information that is required by Patent L.R. 3-4(d).   Immersion identified these production deficiencies multiple times beginning on December 22, 2017, requesting that Fitbit immediately produce documents sufficient to show the sales, revenue, cost, and profits for the Accused Products, but failed to receive a response until January 25, 2018 when Fitbit stated its intent to produce "additional information,"  During the parties' meet and confer on January 25, 2018, Immersion noted that Fitbit's agreement to produce "additional information" was vague, and again reiterated its need for these documents as soon as possible.  On January 26, 2018, as a follow-up to the parties' meet and confer, Immersion reminded Fitbit of its need for the documents as soon as possible to adequately

prepare its damages contentions due on February 6, 2018.  On February 1, 2018, Immersion received some Accused Product sales and revenue information.  To date, however, Immersion has not received the documents or information sufficient to show costs or profits as required by Patent L.R. 3-4(d).

### Documents Required Under Patent Local Rule 3-4(c) and (e)

Fitbit has failed to complete its production of documents required under Patent L.R. 3-4(c) and (e).  Fitbit produced some licensing documents at the close of business on February 2, 2018, two business days before Immersion's damages contentions were due, but failed to identify these documents as completing its production obligations under Patent L.R. 3-4(c) and (e).  Thus, Immersion reserved the right to preclude Fitbit from relying on any such Patent L.R. 3-4(c) and (e) produced in the future to support its case.

### Fitbit's Failure to Produce Documents to Immersion

At the first Case Management Conference, Fitbit took the position that this case and discovery should move forward pending the Court's decision on Fitbit's Motion to Dismiss.  Yet, with the exception of nine damages-related documents (produced in February 2018, well after the Patent Local Rule 3-4 deadline of December 18, 2017), Fitbit has failed to produce any non-public documents in response to Immersion's discovery requests.

Immersion also served Fitbit with its First Set of Requests for Production on November 27, 2017.  Despite following up multiple times regarding its Requests, the only documents Fitbit has produced since its Invalidity Contentions were due are the nine damages-related documents previously discussed. In addition to these deficiencies relating to damages, Fitbit has failed to produce any confidential technical documents relating to this case.  Immersion identified these deficiencies by letter on February 16, 2018.

Immersion has repeatedly informed Fitbit, since December 22, 2017, that Fitbit cannot withhold any documents of any type based on the pending entrance of the parties' joint stipulated protective order, as Patent L.R. 2-2 expressly says that "discovery cannot be withheld on the basis of confidentiality absent Court order," and the Protective Order authorized by the Northern District of California governs discovery in this action until the Court enters a different protective order.

1

**Fitbit's Response to Immersion's Interrogatory**

2

Immersion served Fitbit with its First Set of Interrogatories on November 27, 2017, containing

3

a single interrogatory.  To date, Fitbit has failed to provide a substantive response to this interrogatory.

4

Immersion identified this deficiency by letter on February 20, 2018.

5

**Fitbit's Discovery Requests Outside the Scope of Rule 26**

6

To date, Fitbit has not answered Immersion's Complaint or pled any counterclaims or defenses.

7

Accordingly, the only claims in this lawsuit are Immersion's infringement claim and claim for relief,

8

and Fitbit's claim that Immersion's asserted claims are drawn to ineligible subject matter under 35

9

U.S.C. § 101.  Furthermore, any additional alleged facts or legal issues that Fitbit presents in this

10

Statement which are not in the Complaint are not part of discovery.  Despite not answering the

11

Complaint, Fitbit has promulgated sixty-five requests for the production of documents and seven

12

interrogatories, the vast majority of which are related to affirmative defenses that Defendant has yet

13

to plead.[1]

14

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any

15

nonprivileged matter that is relevant to any party's claim or defense[.]"  Fed. R. Civ. P. 26(b)(1). As

16

used in the Rules, "any party's claim or defense" includes only those claims or defenses that have been

17

asserted in a pleading. *In re Flash Memory Antitrust Litig.*, No. C 07-0086-SBA, 2008 WL 62278, at

18

*5 (N.D. Cal. Jan. 4, 2008).  "[P]arties have no entitlement to discovery to develop new claims or

19

defenses that are not already identified in the pleadings." *In re iPhone/iPad Application Consumer*

20

*Privacy Litig.*, No. 11-MD-2250-LHK(PSG), 2012 WL 5897351, at *5 (N.D. Cal. Nov. 21, 2012)

21

(internal quotations omitted).

22

It is well established that Immersion's patents are entitled to a presumption of validity. 35

23

U.S.C. § 282; *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1929 (2015).  Further, invalidity

24

is an affirmative defense that must be pleaded if a party intends to rely on it. 35 U.S.C. § 282; *Cornwall*

25

*v. U.S. Const. Mfg., Inc.*, 800 F.2d 250, 252 (Fed. Cir. 1986).  Immersion maintains its position that

26

27

[1]  Fitbit served its First and Second Sets of Requests for Production on Immersion on October 17, 2017 and January 25, 2018, respectively.  Fitbit served its First Set of Interrogatories (1-7) on Immersion on January 25, 2018.

28

**4**

Fitbit has not sufficiently demonstrated how all of the discovery it has propounded to date is relevant to the parties' claims or defenses. Immersion also continues to perform a reasonable search and produce, on a rolling basis, relevant, nonprivileged, non-work product documents in its possession, custody, or control as required pursuant to Fed. R. Civ. P. 26(b)(1).

### B.    Fitbit's Statement

Contrary to Immersion's assertions, Fitbit has and continues to provide substantial discovery to Immersion. By contrast, other than a production of licenses and alleged conception documents, public documents relating to Fitbit, and the patents-in-suit and their file histories, Immersion has essentially ignored Fitbit's document requests. As set forth below, Fitbit is conferring with Immersion on any open issue to eliminate or minimize any remaining disputes for the Court.

### 1.    Immersion's Allegations Regarding Fitbit's Document Productions And Discovery Responses

As Fitbit has conveyed to Immersion during the parties' extensive meet and confers regarding the proposed protective order, Fitbit is prepared to provide Immersion with a fulsome production of source code and technical documents upon entrance of a protective order in this case. This forthcoming production will address the vast majority of alleged deficiencies identified by Immersion in its statement. Nevertheless, Fitbit addresses each of the issues raised by Immersion below.

### Documents Required Under Patent Local Rule 3-4(a)

Fitbit has continually reiterated to Immersion during the parties' ongoing meet and confers regarding the proposed protective order that Fitbit is prepared to provide Immersion with the discovery sufficient to show the operation of the accused productions, including source code and extensive technical documents. Notably, until shortly before this statement was filed, Immersion never once raised any issues with Fitbit's production of source code or technical information during the parties' negotiations over the protective order, which focused in part on Fitbit's expressed concerns with the treatment of its source code and the adequate scope of a prosecution bar. Those issues are nearly all resolved: the parties have agreed to the vast majority of provisions in the proposed protective order, and will submit the two modest remaining disputes to the Court for resolution by February 22, 2018.

In the meantime, Fitbit is prepared to make its production of technical materials and source code in accordance with the prosecution bar and source code provisions in the pending stipulated protective order, and will make those productions within 48-hours of its entrance by the Court.  Fitbit stands by to address any concerns Immersion may have upon receipt of Fitbit's forthcoming production.

**Documents Required Under Patent Local Rule 3-4(d)**

Contrary to Immersion's characterization that Fitbit has only produced "a single document showing incomplete information regarding Accused Product sales and revenue," this "single document" is in actuality a detailed financial spreadsheet file that contains extensive information collected from Fitbit's financial databases regarding Fitbit's U.S. sales and revenues for each of the ten accused products for each quarter since 2013 to 2017.  In particular, this spreadsheet provides, on an accused product-by-product basis, gross revenue, net revenue, gross units, net units, and average selling prices (net revenue/net units), and Fitbit is supplementing its production of financial information with cost data this week.  Fitbit is investigating the availability of profit data and expects to produce this data to Immersion in advance of the parties' upcoming conference with the Court.

**Documents Required Under Patent Local Rule 3-4(c) and (e)**

After conducting a reasonable investigation, Fitbit has already produced all of its patent licenses.

**Fitbit's Responses to Immersion's First Set of Requests for Production**

Contrary to Immersion's statement, Fitbit has and will produce information during the course of discovery in response to Immersion's requests for production.  As stated above, within 48-hours of the Court's entrance of the parties agreed-upon protective order (with any remaining disputes to be submitted to the Court for resolution), Fitbit expects to produce thousands of technical documents and proprietary source code that will address the vast majority of Immersion's requests for production directed at the accused products, features, and functionality.  The parties' agreed-upon protective order has more rigorous protections and departs from the Court's interim protective order in many respects. Additionally, by February 26, 2018, Fitbit will produce marketing documents relating to the accused products under this Court's interim protective order, responsive to other requests for production.  And,

as discussed above, Fitbit has already produced extensive sales and revenue data satisfying Immersion's requests directed at financial information also under the Court's interim protective order. These and other completed or pending document productions should satisfy Immersion's requests for production.  Notably, before last Friday, Immersion had not identified any specific type of document or document request that it would like Fitbit to focus on, or search for.   Additionally, although Immersion states that it has "repeatedly" informed Fitbit that it may not withhold any documents based on the pending entrance of the parties' stipulated protective order, until last week Immersion had not suggested that Fitbit should produce its highly confidential technical materials or source code under the interim protective order, and instead has been working with Fitbit on additional protections to cover these highly sensitive technical documents and source code that will be produced shortly.  As noted above, Fitbit stands by to address any specific issues Immersion has with Fitbit's productions.

### **Fitbit's Response to Immersion's Interrogatory**

Immersion's single interrogatory requests that Fitbit "Identify and describe all versions of products made, sold, or offered for sale by Fitbit with Haptic Feedback Capability, including but not limited to the Accused Products, including for each the internal and external name(s)/designation(s) of both the model and version; dates and locations of first release, first sale, first offer for sale, first test, first public use, first importation, and first manufacture; all the location(s) at which they were manufactured and tested; and the person(s) knowledgeable thereof."  Fitbit timely served its objections on January 10, 2018 and offered to meet and confer with Immersion.  Prior to the parties' exchange of their respective portions for this joint case management statement, Immersion never requested to meet and confer with Fitbit.  In any event, Fitbit has in fact produced financial data sufficient to identify each of the accused products, as discussed above.  Moreover, by February 28, 2018, Fitbit will provide a supplemental response to specifically reference that data and to identify the internal and external names of the products identified in Immersion's infringement contentions.  To the extent Immersion seeks an identification of all Fitbit products capable of ***any haptic effect***, Immersion has not justified this scope of discovery.  Nevertheless, Fitbit stands by to address any follow-up on that or other issues relating to Immersion's interrogatory.

## 2.    Fitbit's Requests For Discovery From Immersion

While Immersion appears to contend that Fitbit is not entitled to information responsive to its discovery requests because an answer has not been served in this case given the pending Motion to Dismiss, Immersion paradoxically states that it "continues to perform a reasonable search and produce, on a rolling basis, relevant, nonprivileged, non-work product documents in its possession, custody, or control as required pursuant to Fed. R. Civ. P. 26(b)(1)."  *See supra* Section II.A.  However, in a discussion between counsel contemporaneous with the filing of this statement, Immersion appeared to confirm that it is withholding documents because Fitbit has not answered.  To the extent Immersion maintains that position, it is unjustified.

Specifically, the Court previously denied Immersion's request to stay discovery.  (*See* Dkt. No. 35)("The request to stay discovery pending resolution of the motion to dismiss is denied.")  Despite that, Immersion now seeks to narrow discovery on the basis that Fitbit has not filed an answer in light of Fitbit's pending Motion to Dismiss, yet Immersion has not identified any authority that requires Fitbit to do so.  To the contrary, in accordance with Fed. R. Civ. P. 26, discovery is open in this action, as evidenced by Immersion's requests for discovery from Fitbit (and Fitbit's efforts to satisfy those requests, as set forth above).  The fact that Fitbit's Motion to Dismiss is pending does not foreclose discovery on the issues in this case, including issues Immersion has raised in its complaint, such as its allegations of direct infringement, indirect infringement, willful infringement, and damages, or Fitbit's invalidity contentions, which were timely served on December 18, 2017.[2]

### 3.    Third Party Discovery

Fitbit is also conducting third party discovery.  Between December 2017 and January 2018, Fitbit issued subpoenas to nine third parties relating to prior art, including Blackberry Corporation, Nokia U.S.A. Inc., HTC America, Inc., Apple, Inc., Sony Interactive Entertainment America LLC,

---

[2] *See,* Case Management Order, *In re: Yahoo! Inc. Customer Data Security Breach Litigation,* No. 16-MD-02752-LHK, ECF. No. 68 (N.D. Cal. Mar. 2, 2017) (setting a start date for fact discovery notwithstanding a pending motion to dismiss); *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect.  In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.").

**Case No. 5:17-cv-03886-LHK**                                       **JOINT CASE MANAGEMENT STATEMENT**

Sony Mobile Communications (U.S.A.) Inc., Garmin International, Inc., Motorola Mobility LLC, and Microsoft Mobile Inc.

## III.    NOTICE OF IPRS

On February 7, 2018, Fitbit filed five petitions seeking *inter partes* review ("IPR") of the asserted claims of the patents-in-suit (*i.e.,* two petitions against U.S. Patent No. 8,059,105 ("'105 patent"); one petition against U.S. Patent No. 8,351,299; and two petitions against U.S. Patent No. 8,638,301) with the Patent Trial and Appeal Board ("PTAB") alleging that the asserted claims are invalid on the grounds that they are anticipated or obvious under 35 U.S.C. §§ 102 or 103. *See* IPR2018-00588, IPR2018-00590, IPR2018-00591, IPR2018-00592 and IPR2018-00593. On February 15, 2018, the PTAB issued notices according two of the five petitions (for the '105 patent) a filing date of February 7, 2018. The deadline for the PTAB's decision on institution is August 15, 2018.

### A.    Immersion's Statement

Should the Patent Trial and Appeal Board deny Fitbit's IPR petitions or issue a final written decision determining the patentability of the instituted claims, Fitbit should be estopped from asserting further invalidity arguments against the Asserted Claims in this Action on any ground that Fitbit "raised or reasonably could have raised during that *inter partes* review petitions." 35 U.S.C. § 315(e)(2).

## IV.    PENDING MOTIONS

Fitbit filed a Motion to Dismiss on October 4, 2017 (Dkt. No. 23). The hearing on Fitbit's Motion to Dismiss was scheduled for February 15, 2018. On February 13, 2018, the Court took Fitbit's Motion to Dismiss under submission without oral argument and vacated the February 15 hearing. There are no other pending motions at this time.

## V.    STIPULATED E-DISCOVERY ORDER & PRIVILEGE LOGS

The parties have been working to cooperatively arrive at a mutually agreeable order on ESI discovery that is consistent with the parties' claims and defenses at issue in the case, as well as Federal and Local Rules that govern and provide guidelines for the scope of ESI discovery. As noted above,

the parties intend to file their Stipulated E-Discovery Order (with any remaining disagreements to be submitted for the Court's resolution) prior to the upcoming Case Management Conference.

The parties will continue to work cooperatively and promptly to reach agreement on issues concerning privilege and privilege logs that is consistent with the needs of the case.

## VI.   PROTECTIVE ORDER

Similarly, the parties have been working cooperatively to arrive at a mutually agreeable protective order that is consistent with the needs of the case, and expect to file a proposed protective with two narrow disagreements regarding the duration of an agreed-upon prosecution bar and the limit on source code printouts to be submitted for the Court's resolution on February 22, 2018.

## VII.   SCHEDULING

### A.   Immersion's Statement

Immersion respectfully proposes that the Court consider receiving a non-adversarial tutorial on the technology of the Patents-in-Suit prior to the claim construction hearing currently scheduled for May 10, 2018.   The Patents-in-Suit relate to haptic (touch-based) feedback and interface technologies.   Immersion respectfully requests that the Court allot an additional 60 minutes during which the Parties' counsel will each present a tutorial on the technology of the Patents-in-Suit, not to exceed 30 minutes per side.   Immersion does not believe that live testimony is necessary for the claim construction hearing.

### B.   Fitbit's Statement

In light of the basic nature of the patents-in-suit and the focused claim construction disputes between the parties, Fitbit does not believe that a separate, 60-minute tutorial presentation, in addition to the scheduled claim construction hearing, is necessary.   That said, Fitbit is happy to provide such a presentation to the extent the Court believes it would be helpful.

1   DATED:  February 21, 2018                    Respectfully submitted,

2                                                MCKOOL SMITH, P.C.

3

4                                                By: */s/ Courtland L. Reichman*__
                                                 Courtland L. Reichman
5                                                (California Bar No. 268873)
                                                 Jennifer P. Estremera
6                                                (California Bar No. 251076)
                                                 MCKOOL SMITH PC
7                                                255 Shoreline Drive, Suite 510
                                                 Redwood Shores, California 94065
8                                                Telephone: (650) 394-1400
                                                 Facsimile:  (650) 394-1422
9                                                creichman@mckoolsmith.com
10                                               jestremera@mckoolsmith.com

11                                               John B. Campbell (Admitted Pro Hac Vice)
                                                 Kathy H. Li (Admitted Pro Hac Vice)
12                                               MCKOOL SMITH PC
13                                               300 W. 6th Street, Suite 1700
                                                 Austin, Texas 78701
14                                               Telephone: (512) 692-8700
                                                 Facsimile: (512) 692-8744
15                                               jcampbell@mckoolsmith.com
16                                               kli@mkoolsmith.com

17                                               *Attorneys for Plaintiff*
                                                 IMMERSION CORPORATION
18

19  DATED:  February 21, 2018                    Respectfully submitted,

20                                               KIRKLAND & ELLIS LLP

21

22                                               By: */s/ Adam R. Alper*__
                                                 Adam R. Alper (SBN 196834)
23                                               KIRKLAND & ELLIS LLP
                                                 555 California Street
24                                               San Francisco, California 94104
                                                 Telephone: (415) 439-1400
25                                               Facsimile: (415) 439-1500
                                                 adam.alper@kirkland.com
26

27                                               Michael W. De Vries (SBN 211001)
                                                 michael.devries@kirkland.com
28

**11**

1

2

3

4

5

6

7

8

9

10

                                                                                KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Lien Dang (SBN 254221)
lien.dang@kirkland.com
KIRKLAND & ELLIS LLP
3330 Hillview Avenue
Palo Alto, California 94304
Telephone: (650) 859-7000
Facsimile:  (650) 859-7500

*Attorneys for Defendant*
FITBIT, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**12**

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

DATED:  February 21, 2018                    */s/ Adam R. Alper*
                                                              Adam R. Alper