Courtland L. Reichman
(California Bar No. 268873)
Jennifer P. Estremera
(California Bar No. 251076)
MCKOOL SMITH PC
255 Shoreline Drive, Suite 510
Redwood Shores, California 94065
Telephone: (650) 394-1400
Facsimile:  (650) 394-1422
creichman@mckoolsmith.com
jestremera@mckoolsmith.com

John B. Campbell (Admitted *Pro Hac Vice*)
Kathy H. Li *(*Admitted *Pro Hac Vice)*
MCKOOL SMITH PC
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744
jcampbell@mckoolsmith.com
kli@mkoolsmith.com

*Attorneys for Plaintiff*
Immersion Corporation

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
555 California Street
KIRKLAND & ELLIS LLP
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Lien Dang (SBN 254221)
lien.dang@kirkland.com
KIRKLAND & ELLIS LLP
3330 Hillview Avenue
Palo Alto, California 94304
Telephone: (650) 859-7000
Facsimile:  (650) 859-7500

*Attorneys for Defendant*
Fitbit, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMMERSION CORPORATION,<br><br>   Plaintiff,<br><br>   v.<br><br>FITBIT, INC.,<br><br>   Defendant. | CASE NO. 5:17-cv-03886-LHK<br><br>**JOINT NOTICE PURSUANT TO THE COURT'S FEBRUARY 23, 2018 ORDER (DKT. NO. 58) DIRECTING PARTIES TO PROVIDE ADDITIONAL INFORMATION ON CLAIM CONSTRUCTION DISPUTE THAT COULD AFFECT THE PENDING MOTION TO DISMISS**<br><br>Judge: Honorable Lucy Koh<br>Complaint filed: July 10, 2017 |

Pursuant to the Court's February 23, 2018 Order Directing the Parties to Provide Additional Information on Claim Construction Dispute that Could Affect the Pending Motion to Dismiss (Dkt. No. 58),[1] Defendant Fitbit, Inc. ("Fitbit") and Plaintiff Immersion Corporation ("Immersion") (collectively, "the Parties") hereby identify the following two terms that the Parties agree should be construed as means-plus-function terms under 35 U.S.C. § 112(f), along with the Parties' respective proposed constructions (including disputes related to corresponding structure):

| Patent | Claim Term or Phrase | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| 8,059,105 | "one or more processors configured to receive an input signal and generate a force signal based on the input signal, wherein the input signal is associated with a user-independent event" (Claim 19) | Function: receive an input signal and generate a force signal based on the input signal, wherein the input signal is associated with a user-independent event<br><br>Structure: A microprocessor or other electronic controller, or equivalents thereof, that performs the algorithm of receiving an input signal associated with a user-independent event, and generating one or more electronic signals that define the form of a haptic effect based on the user-independent event applied to a touch device. | Function: receive an input signal and generate a force signal based on the input signal, wherein the input signal is associated with a user-independent event<br><br>Structure: The corresponding structure for "one or more processors" is a microprocessor or other electronic controller, or equivalents thereof. It is Fitbit's position that the specification fails to disclose a sufficiently-specific algorithm for carrying out the function on the microprocessor or other electronic controller, such that the claim term is indefinite. |
| 8,351,299 | "a processing device that receives the sensor output and accumulates counts associated with the sensor output, the processing device | Function: receives the sensor output and accumulates counts associated with the sensor output, and provides an output to the vibrotactile device once a threshold associated with the accumulated counts is reached | Function: receives the sensor output and accumulates counts associated with the sensor output, and provides an output to the vibrotactile device once a threshold associated with the accumulated counts is reached |

---

[1] Fitbit's position is that the Parties' claim construction disputes, either those described here and in Immersion's notice (Dkt. No. 56) or more generally in the Parties' claim-construction exchanges, do not affect the Court's § 101 analysis.

| | | |
|---|---|---|
| providing an output to the vibrotactile device once a threshold associated with the accumulated counts is reached." (Claim 14) | <u>Structure:</u> Processing device 22 and equivalents thereof, that performs the algorithm in Figure 3 and generates one or more electronic signals that define the form of a haptic effect. | <u>Structure:</u> The corresponding structure for "a processing device" is Processing device 22 and equivalents thereof.  It is Fitbit's position that the specification fails to disclose a sufficiently-specific algorithm for carrying out the function on the Processing device 22 or equivalents thereof, such that the claim term is indefinite. |

DATED:  February 23, 2018                             Respectfully submitted,

KIRKLAND & ELLIS LLP

<u>/s/ Adam R. Alper</u>
Adam R. Alper (SBN 196834)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
adam.alper@kirkland.com

*Attorneys for Defendant Fitbit, Inc.*

DATED:  February 23, 2018                             Respectfully submitted,

MCKOOL SMITH, P.C.

<u>/s/ Courtland L Reichman</u>

Courtland L. Reichman
(California Bar No. 268873)
MCKOOL SMITH PC
255 Shoreline Drive, Suite 510
Redwood Shores, California 94065
Telephone: (650) 394-1400
Facsimile: (650) 394-1422
creichman@mckoolsmith.com

*Attorneys for Plaintiff Immersion Corporation*

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

 DATED:  February 23, 2018                 */s/ Adam R. Alper*
                                                                  Adam R. Alper