1   Courtland L. Reichman
    (California Bar No. 268873)
2   Jennifer P. Estremera
    (California Bar No. 251076)
3   MCKOOL SMITH PC
    255 Shoreline Drive, Suite 510
4   Redwood Shores, California 94065
    Telephone: (650) 394-1400
5   Facsimile:  (650) 394-1422
    creichman@mckoolsmith.com
6   jestremera@mckoolsmith.com

7   John B. Campbell (Admitted *Pro Hac Vice*)
    Kathy H. Li *(Admitted Pro Hac Vice)*
8   MCKOOL SMITH PC
    300 W. 6th Street, Suite 1700
9   Austin, Texas 78701
    Telephone: (512) 692-8700
10  Facsimile: (512) 692-8744
    jcampbell@mckoolsmith.com
11  kli@mkoolsmith.com

12  *Attorneys for Plaintiff*
    Immersion Corporation
13

    Adam R. Alper (SBN 196834)
    adam.alper@kirkland.com
    555 California Street
    KIRKLAND & ELLIS LLP
    San Francisco, California 94104
    Telephone: (415) 439-1400
    Facsimile: (415) 439-1500

    Michael W. De Vries (SBN 211001)
    michael.devries@kirkland.com
    KIRKLAND & ELLIS LLP
    333 South Hope Street
    Los Angeles, California 90071
    Telephone: (213) 680-8400
    Facsimile: (213) 680-8500

    Lien Dang (SBN 254221)
    lien.dang@kirkland.com
    KIRKLAND & ELLIS LLP
    3330 Hillview Avenue
    Palo Alto, California 94304
    Telephone: (650) 859-7000
    Facsimile:  (650) 859-7500
    *Attorneys for Defendant*
    Fitbit, Inc.

14

15

16                  **UNITED STATES DISTRICT COURT**

17                 **NORTHERN DISTRICT OF CALIFORNIA**

18                       **SAN JOSE DIVISION**

19
    IMMERSION CORPORATION,              )    CASE NO. 5:17-cv-03886-LHK
20                                      )
              Plaintiff,                )
21                                      )
         v.                             )    **JOINT CLAIM CONSTRUCTION AND**
22                                      )    **PREHEARING STATEMENT**
    FITBIT, INC.,                       )    **PURSUANT TO PATENT LOCAL**
23                                      )    **RULE 4-3**
              Defendant.                )
24                                      )     Judge: Honorable Lucy Koh
                                        )     Complaint filed: July 10, 2017
25  _____)
26

27

28

Pursuant to Patent Local Rule 4-3 and the Case Management Order (Dkt. No. 35) and the Court's orders regarding the parties' stipulations to extend time (Dkt. Nos. 51 and 57), Plaintiff Immersion Corporation ("Immersion" or "Plaintiff") and Defendant Fitbit, Inc. ("Fitbit" or "Defendant") (collectively, "the Parties") hereby submit this Joint Claim Construction and Prehearing Statement.[1]

## A.    AGREED UPON CONSTRUCTIONS

The Parties have met and conferred and agree that the following terms shall be accorded their plain and ordinary meaning.

| Patent | Claim Term | Agreed Upon Construction |
|---|---|---|
| U.S. Patent 8,059,105 | "user-independent event" (Claim 19) | Plain and ordinary meaning |
| U.S. Patent 8,638,301 | "first data signal" (Claim 27) | Plain and ordinary meaning |
| U.S. Patent 8,638,301 | "second data signal" (Claim 31) | Plain and ordinary meaning |

## B.    PROPOSED CONSTRUCTIONS OF DISPUTED TERMS

The Parties have met and conferred to narrow the remaining disputes to seven terms.  The parties have been unable to agree on the proposed evidence from the Parties, as it is Fitbit's position that Immersion belatedly changed its constructions and its evidence in violation of Patent Local Rule 4-2(b).[2]  Immersion strongly disagrees with Fitbit's characterizations of its efforts during the meet

---

[1]   Fitbit's position is that the Parties' claim construction disputes, either those described here and in Immersion's notice (Dkt. No. 56) or more generally in the Parties' claim-construction exchanges, do not affect the Court's § 101 analysis.

[2]   Fitbit objects to Immersion's late-disclosed claim constructions and intrinsic and extrinsic evidence.  On January 8, the Parties exchanged claim terms.  On January 18, the Parties exchanged claim constructions and intrinsic and extrinsic evidence pursuant to Patent Local Rule 4.2.  On January 25, Immersion served a corrected exchange, removing a claim term it had proposed for construction on January 18 but had not timely identified on January 8.  On February 22, the day before the deadline for the joint claim construction statement, Immersion proposed

1  and confer process.[3]  A chart displaying Immersion's proposed constructions for each disputed claim

2  term along with the supporting intrinsic and extrinsic evidence is attached as Exhibit A.  A chart

3  displaying Fitbit's proposed constructions for each disputed claim term along with the supporting

4  intrinsic and extrinsic evidence is attached as Exhibit B.

5  **C.    IDENTIFICATION OF SIGNIFICANT CLAIM TERMS**

6  The Parties agree that the following two claim terms for the court's construction are

7  significant:

|   | Patent | Claim Term |
|---|--------|------------|
| 1 | U.S. Patent 8,059,105 | "one or more processors configured to receive an input signal and generate a force signal based on the input signal, wherein the input signal is associated with a user-independent event" (Claim 19) |
| 2 | U.S. Patent 8,351,299 | "a processing device that receives the sensor output and accumulates counts associated with the sensor output, the processing device providing an output to the vibrotactile device once a threshold associated with the accumulated |

new constructions and/or positions for each and every claim term.  On February 23, the deadline for the joint claim construction statement, at 7:31 PM Pacific Time, Immersion served edits to its claim construction positions and evidence, identifying new intrinsic and extrinsic evidence not previously cited in its exchanges.  For the purpose of the joint submission, Fitbit includes in its chart Immersion's proposed constructions from February 22, 2018, but rejects Immersion's proposed changes to evidence in violation of PLR 4.2(b).  Fitbit reserves its rights to object to and/or move to strike Immersion's untimely-disclosed constructions and evidence.  Immersion argues that Fitbit also changed its constructions, but Fitbit's changes were exclusively ones that adopted proposals from Immersion or dropped terms, rather than changes that introduced wholly new proposed constructions and/or evidence past the deadline for the exchange.

[3]  On January 18, the Parties exchanged claim constructions and intrinsic and extrinsic evidence pursuant to Patent Local Rule 4.2.  On January 24, Fitbit informed Immersion that the draft Immersion had served included a claim term not previously identified by Immersion. On January 25, Immersion informed Fitbit that its inclusion of that claim term was inadvertent, and Immersion immediately served a corrected exchange removing the claim term it had inadvertently included.  On February 22, during the Parties' meet and confer, Immersion proposed revised claim constructions in an effort to compromise.  On February 23, during the Parties' exchange of drafts of the joint claim construction statement, Immersion served edits to its claim construction positions and evidence which reflected Immersion's compromises made on February 22. Fitbit complains of Immersion's revisions during the Parties' meet and confer process, but fails to point out that Fitbit made changes to its own constructions and dropped two claim terms at this late hour.  Further, following Immersion's February 22 revisions, the Parties were able to reach agreement on certain claim constructions.

|  | Patent | Claim Term |
|---|---|---|
|  |  | counts is reached."<br>(Claim 14) |

Immersion identifies the following additional claim term as significant:

|  | Patent | Claim Term |
|---|---|---|
| 1 | U.S. Patent 8,059,105 | "haptic feedback device"<br>(Claim 19) |

Fitbit identifies the following additional claim terms as significant:

|  | Patent | Claim Term |
|---|---|---|
| 1 | U.S. Patent 8,059,105 | "generate a force signal based on the input signal"<br>(Claim 19) |
| 2 | U.S. Patent 8,351,299 | "periodic"<br>(Claim 14) |
| 3 | U.S. Patent 8,638,301 | "detect an interaction with the first mobile device"<br>(Claim 27) |
| 4 | U.S. Patent 8,638,301 | "determine a change in a display signal"<br>(Claim 27) |

**D.    ANTICIPATED LENGTH OF TIME NECESSARY FOR HEARING**

The Parties respectfully request three hours for the claim construction hearing, with each party allotted ninety minutes.

**E.    WITNESSES TO APPEAR AT THE CLAIM CONSTRUCTION HEARING**

Plaintiff Immersion may present testimony of Dr. Sigurd Meldal with respect to how a person of ordinary skill in the art would understand the disclosures in the asserted patent. Plaintiff Immersion anticipates presenting such testimony via declaration, but will be prepared to provide live testimony at the hearing.

1    Defendant Fitbit does not believe that any live testimony is necessary for the claim

2    construction hearing.  However, if Immersion presents expert testimony, while Fitbit reserves its

3    rights to object to that testimony, Fitbit reserves its right to present rebuttal expert testimony.

4    **F.      IDENTIFICATION OF FACTUAL FINDINGS REQUESTED FROM COURT**

5    Immersion requests that the Court make the factual finding that a person of ordinary skill in

6    the art would understand the terms governed by 112(6) to have the corresponding structure identified

7    by Immersion. Further, Immersion requests that the Court make the factual finding that a person of

8    ordinary skill in the art would understand that the term "haptic feedback device" is construed as

9    proposed by Immersion. Further, Immersion requests that the court making the factual finding that

10   the remaining terms have a plain and ordinary meaning as understood by one of ordinary skill in the

11   art.

12   At this time, Fitbit does not seek any factual findings in relation to the claim construction

13   hearing.

14   DATED:  February 23, 2018                    Respectfully submitted,

15                                                KIRKLAND & ELLIS LLP

16                                                */s/ Adam R. Alper*

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CLAIM CONSTRUCTION AND            4            Case No. 5:17-cv-03886
PREHEARING STATEMENT

Adam R. Alper (SBN 196834)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
adam.alper@kirkland.com

Michael W. De Vries (SBN 211001)
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
michael.devries@kirkland.com

Lien K. Dang (SBN 254221)
KIRKLAND & ELLIS LLP
3330 Hillview Avenue
Palo Alto, CA 94304
Telephone: (650) 859-7000
Facsimile:  (650) 859-7500
lien.dang@kirkland.com

*Attorneys for Defendant Fitbit, Inc.*

DATED:  February 23, 2018

Respectfully submitted,

MCKOOL SMITH, P.C.

*/s/ Courtland Reichman*
Courtland Reichman (SBN 268873)
Jennifer P. Estremera (SBN 251076)
MCKOOL SMITH PC
255 Shoreline Drive, Suite 510
Redwood Shores, California 94065
Telephone: (650) 394-1400
Facsimile: (650) 394-1422
creichman@mckoolsmith.com
jestremera@mckoolsmith.com
bsokhansanj@mckoolsmith.com

John Campbell (Pro Hac Vice)
Kathy H. Li (Pro Hac Vice)
MCKOOL SMITH PC
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744
jcampbell@mckoolsmith.com
kli@mckoolsmith.com

*Attorneys for Plaintiff Immersion Corporation*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>ATTESTATION</u>

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the

filing of this document has been obtained from the other signatories.

DATED:  February 23, 2018                          */s/ Courtland Reichman*
                                                                      Courtland Reichman