1  Courtland L. Reichman
(California Bar No. 268873)
2  Jennifer P. Estremera
(California Bar No. 251076)
3  MCKOOL SMITH PC
255 Shoreline Drive, Suite 510
4  Redwood Shores, California 94065
Telephone: (650) 394-1400
5  Facsimile:  (650) 394-1422
creichman@mckoolsmith.com
6  jestremera@mckoolsmith.com
7
8  John B. Campbell (Admitted *Pro Hac Vice*)
Kathy H. Li *(*Admitted *Pro Hac Vice)*
9  MCKOOL SMITH PC
300 W. 6th Street, Suite 1700
10  Austin, Texas 78701
Telephone: (512) 692-8700
11  Facsimile: (512) 692-8744
jcampbell@mckoolsmith.com
12  kli@mkoolsmith.com
13
14  *Attorneys for Plaintiff*
Immersion Corporation
15

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
555 California Street
KIRKLAND & ELLIS LLP
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Lien Dang (SBN 254221)
lien.dang@kirkland.com
KIRKLAND & ELLIS LLP
3330 Hillview Avenue
Palo Alto, California 94304
Telephone: (650) 859-7000
Facsimile:  (650) 859-7500
*Attorneys for Defendant*
Fitbit, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

16
17
18
19  IMMERSION CORPORATION,
20        Plaintiff,
21      v.
22  FITBIT, INC.,
23        Defendant.
24
25

CASE NO. 5:17-CV-03886-LHK

**[~~PROPOSED~~] STIPULATED
PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION**

DEMAND FOR JURY TRIAL

Judge: Honorable Lucy Koh

26
27
28

**STIPULATED PROTECTIVE ORDER**

1.    <u>PURPOSES AND LIMITATIONS</u>

This action is brought by Plaintiff ("Immersion") against Defendant ("Fitbit").  The litigation of this action may require the Parties or nonparties to disclose information that contains proprietary, confidential, commercially sensitive, trade secret, or otherwise nonpublic information.  If such information is disclosed or disseminated in an unprotected manner, it may cause substantial harm to Plaintiff, Defendant, and/or nonparties, including loss of competitive advantage, loss of existing business, and loss of business opportunities.  Accordingly, the Parties, by and between their representative counsel have stipulated and agreed, pursuant to Federal Rule of Civil Procedure 26(c) and subject to the approval of the Court, that the following Stipulated Protective Order (the "Order") shall govern the handling of Disclosure or Discovery Material in the above-captioned action (the "Present Litigation").

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 14.4 below, that this Stipulated Protective Order does not entitle the Parties to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including material which reflects or contains any of the following: (i) confidential, proprietary, or commercially sensitive information; (ii) any information which is not generally known and which the Producing Party would not normally reveal to third parties or would

1  cause third parties to maintain in confidence; or (iii) confidential information of a nonparty that the

2  Producing Party is bound by a separate confidentiality agreement or court order to maintain in

3  confidence and that the Producing Party is permitted to produce in the Action.

4        2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel.

5        2.4    <u>Designating Party</u>: a Party or Non-Party designating Disclosure or Discovery Material

6  as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY,"

7  or "HIGHLY CONFIDENTIAL – SOURCE CODE."

8        2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium

9  or manner in which it is generated, stored, or maintained (including, among other things, testimony,

10  transcripts, and tangible things), that are produced or generated in disclosures or responses to

11  discovery in this matter.

12        2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the

13  Present Litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or

14  as a consultant in the Present Litigation, (2) is not a past or current employee of a Party or of a

15  Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a

16  Party or of a Party's competitor.

17        2.7    <u>"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"</u>

18  <u>Information or Items</u>: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of

19  which to another Party or Non-Party would create a substantial risk of serious harm that could not be

20  avoided by less restrictive means.  Such information or items may include, for example:

21        a)    information concerning proposed or actual research and development, whether or not

22              such research and development has resulted in a commercial product that has been

23              disclosed to the public;

24        b)    business, marketing, or strategic proposals or plans; customer, vendor, and employee

25              lists, whether targeted or actual; and

26        c)    financial information, such as that related to expenses, costs, pricing, sales, or profits;

27        d)    highly sensitive design, development, technical, or manufacturing information;

28        e)    licensing agreements and communications; and

f)       alleged trade secrets, *i.e.*, information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (i) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

2.8     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  Source code includes, without limitation, computer code, scripts, assembly, object code, RTL code, source code listings and descriptions of source code, object code listings and descriptions of object code, formulas, engineering specifications, electronic production files, including net lists, GDS files, CAD files, and the like, or schematics or databases that define or otherwise describe in detail the algorithms or structure of software or hardware. Source code documents at least include (1) printed documents that contain selected source code or hardware components ("printed source code"); (2) electronic communications and descriptive documents, such as emails, design documents and programming examples, which contain selected source code or hardware components ("described source code"); (3) electronic source code documents that reside in a source code repository from which software and related data files may be compiled, assembled, linked, executed, debugged and/or tested ("source code files"); (4) electronic production files, schematics, or databases as described above; and (5) transcripts, reports, video, audio, or other media that include, quote, cite, describe, or otherwise refer to source code, source code files, and/or the development thereof.  Source code files may include "header files," "make" files, project files, link files, and other human-readable text files used in the generation, compilation, translation, and/or building of executable software, including software intended for execution by an interpreter.

2.9     In-House Counsel: attorneys who are employees of a party to the Present Litigation.

In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Present Litigation.

2.11    Outside Counsel of Record: law firms and/or attorneys that have been retained by a Party to provide advice in connection with the Present Litigation, have appeared in the Present Litigation on behalf of that Party, and are not employees of that Party.  Outside Counsel of Record includes attorneys, paralegals, assistants, and stenographic, clerical, and support employees and vendors of the respective law firms and/or attorneys.

2.12    Party: any party to the Present Litigation, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in the Present Litigation.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., jury and trial consultation, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16    Receiving Party: a Party to whom Disclosure or Discovery Material is produced, disclosed, or made available for inspection from a Producing Party.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public

domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall require a separate agreement or order.

4.     DURATION

        Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in the Present Litigation, with or without prejudice; and (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Present Litigation, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

        A Party or Non-Party may designate Disclosure or Discovery Material, in whole or in part, for protection under the provisions of this Order with one of the following designations: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

        5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates Disclosures or Discovery Material for protection under this Order should, to the extent practicable, take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party should designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

        If it comes to a Designating Party's attention that information or items that it designated for

protection do not qualify for protection or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, or within twenty-one (21) business days after receipt of a transcript of such testimony, the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  All testimony shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" in its entirety until the expiration of twenty-one (21) business days after receipt of the transcript by counsel.  After the expiration of that period, the transcript shall be treated only as actually designated.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

containers in which the information or item is stored, or on a tag or label attached to the item to be designated, the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

       5.3   <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

       6.1   <u>Timing of Challenges</u>.  Any Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Present Litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

       6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file and serve a motion challenging a confidentiality designation within twenty-one (21) days of the initial notice of challenge or within fourteen (14) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Challenging Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may only use Protected Material disclosed or produced by another Party or by a Non-Party in the Present Litigation for the purpose of prosecuting or defending the Present Litigation and any related appellate proceeding.   Protected Material disclosed or produced by another Party or by a Non-Party in the Present Litigation may not be used for any other purpose, including, without limitation, any commercial or business purpose, pending or subsequent litigation, or pending or subsequent agency action, absent the prior written consent of the Producing Party and other Parties, or by leave of the Court.

Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 15 below ("FINAL DISPOSITION").

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1       (a) the Receiving Party's Outside Counsel of Record in the Present Litigation, as well as

2    employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

3    information for this litigation and who have signed the "Acknowledgment and Agreement to Be

4    Bound" that is attached hereto as Exhibit A;

5       (b) Experts (as defined in this Order) of the Receiving Party, as well as employees of said

6    Expert, to whom disclosure is reasonably necessary for this litigation and who have signed the

7    "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

8       (c) the Court, including the United States District Court for the Northern District of

9    California, any appellate court with jurisdiction over any appeal from the Present Litigation, and

10    their personnel assisting in adjudicative functions;

11       (d) court reporters and their staff, professional jury or trial consultants, and Professional

12    Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

13    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14       (e) during their depositions, witnesses in the Present Litigation to whom disclosure is

15    reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

16    (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of

17    transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

18    separately bound by the court reporter and may not be disclosed to anyone except as permitted under

19    this Protective Order;

20       (f) the author or recipient of a document containing the information or a custodian or

21    other person who otherwise possessed or knew the information.

22    7.3   Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

23    ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.  Unless

24    otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party

25    may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE

26    ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to the

27    following individuals, subject to the limitations set forth in Section 8 ("Prosecution Bar"):

28       (a) the Receiving Party's Outside Counsel of Record in the Present Litigation, as well as

1  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

2  information for this litigation and who have signed the "Acknowledgment and Agreement to Be

3  Bound" that is attached hereto as Exhibit A;

4      (b) Experts of the Receiving Party, as well as employees of said Expert, (1) to whom

5  disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and

6  Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4,

7  below, have been followed;

8      (c) the Court, including the United States District Court for the Northern District of

9  California, any appellate court with jurisdiction over any appeal from the Present Litigation, and

10  their personnel assisting in adjudicative functions;

11      (d) court reporters and their staff, professional jury or trial consultants, and Professional

12  Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

13  "Acknowledgment and Agreement to Be Bound" hat is attached hereto as Exhibit A; and

14      (e) the author or recipient of a document containing the information or a custodian or

15  other person who otherwise possessed or knew the information.

16      7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL

17  – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

18  Information or Items to Experts.

19      (a) Unless otherwise ordered by the Court or agreed to in writing by the Designating

20  Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item

21  that has been designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"

22  or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to Section 7.3(c) first must make a

23  written request to the Designating Party that (1) identifies the general categories of "HIGHLY

24  CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

25  SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert,

26  (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3)

27  attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5)

28  identifies each person or entity from whom the Expert has been employed by, consulted for, received

1  compensation or funding for work in his or her areas of expertise, or to whom the expert has

2  provided professional services, including in connection with a litigation, at any time during the

3  preceding five years, and (6) identifies (by name and number of the case, filing date, and location of

4  court) any litigation in connection with which the Expert has offered expert testimony, including

5  through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

6         (b) A Party that makes a request and provides the information specified in the preceding

7  paragraph may disclose the subject Protected Material to the identified Expert unless, within five (5)

8  business days from receipt of notice (plus three (3) extra business days if notice is given other than

9  by hand delivery, e-mail delivery or facsimile transmission), the Party receives a written objection

10  from the Designating Party.  Any such objection must set forth in detail the grounds on which it is

11  based.

12         (c) A Party that receives a timely written objection must meet and confer with the

13  Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement

14  within seven (7) business days of the written objection.  If no agreement is reached, the Party

15  seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7

16  (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to

17  do so.  Any such motion must describe the circumstances with specificity, set forth in detail the

18  reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm that the

19  disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In

20  addition, any such motion must be accompanied by a competent declaration describing the parties'

21  efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

22  discussions) and setting forth the reasons advanced by the Designating Party for its refusal to

23  approve the disclosure.

24         In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden

25  of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

26  outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

27  8.    PROSECUTION BAR

28

1    Absent written consent from the Designating Party, any individual who receives "HIGHLY

2  CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

3  SOURCE CODE" Information or Items (the "Affected Individual") shall not be involved, directly or

4  indirectly, in the prosecution of patents or patent applications relating to the functionality, operation,

5  and design of software or hardware relating to the technology disclosed in any of the patents-in-suit,

6  or relating to devices containing health, activity, or fitness tracking technologies, before any foreign

7  or domestic agency, including the United States Patent and Trademark Office on behalf of a

8  patentee.

9    For purposes of this section, "prosecution" includes advising on, consulting on, preparing,

10  prosecuting, drafting, editing, and/or amending of applications, specifications, claims, and/or

11  responses to office actions, or otherwise affecting the disclosure in patent applications or

12  specifications or the scope of claims in patents or patent applications.  These prohibitions are not

13  intended to and shall not preclude Counsel from participating in reexamination, reissue proceedings,

14  *inter partes* review proceedings, or post-grant proceedings on behalf of a party challenging or

15  defending the validity of any patent, but are intended to preclude patentee's Counsel from

16  participating in the drafting of any claim amendments in reexamination, reissue proceedings, *inter*

17  *partes* review proceedings, or post-grant proceedings.

18    This Prosecution Bar shall begin when the Affected Individual first receives access to the

19  "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY

20  CONFIDENTIAL – SOURCE CODE" Information or Item and shall end eighteen (18) months after

21  final disposition as set forth in Section 4 ("Duration").

22  9.  SOURCE CODE

23    (a) To the extent production of source code becomes necessary in this case, a Producing

24  Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises

25  or includes confidential, proprietary or trade secret source code.

26    (b) Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE"

27  shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – OUTSIDE

28  ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8,

and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

(c) Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours (9:00 a.m. to 5:30 p.m. local time) on weekdays or at other mutually agreeable times, with at least three (3) business days' notice, at an office of the Producing Party's counsel in the San Francisco Bay Area or another mutually agreed upon location.  The Receiving Party must identify in writing to the Producing Party the persons who will be conducting the inspection or will be present during the inspection no less than 36 hours in advance of any such inspection.  The source code shall be made available electronically and in text searchable form in its native format and in a file structure that mirrors the file structure of the source code as maintained by the Producing Party for inspection on a stand-alone, secured computer running a reasonably current version of the Microsoft Windows operating system ("Source Code Computer") in a secured, climate-controlled (reasonable temperature and humidity level) room without Internet access or network access to other computers (the "Source Code Computer"), and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The Source Code Computer shall have at least one screen with resolution of no less than 1920 x 1200, a mouse and keyboard.  The Receiving Party may make reasonable requests for the Producing Party to install software tools on the Source Code Computer, and the Producing Party shall install the software tools of the Receiving Party's choosing (provided that installation or use of such software does not violate other provisions of this Protective Order), including at least one text editor like "Visual Slick Edit," "Notepad++," or "gvim" that is capable of printing out source code with page and line numbers, a source code comparison tool like Araxis Merge, and at least one multi-text file text search tool such as "grep" or "Find," provided that the Receiving Party provide the Producing Party with at least four (4) business days' notice prior to the intended use of public software tools, or four (4) business days after provision of license to the Producing Party.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code by the Receiving

1   Party.  Further, the Receiving Party must keep a paper log indicating the names of any individuals

2   inspecting the source code in the secure location and dates and times of said inspection, and the

3   names of any individuals, other than Outside Counsel, to whom paper copies of portions of source

4   code are provided.

5          (d) Except as otherwise provided herein, no electronic devices, including but not limited

6   to cellular phones, PDAs, cameras, and voice recorders will be permitted in the secure location.  The

7   Receiving Party's source code reviewers will be entitled to take notes relating to the source code, but

8   may not copy the source code into the notes, but may write down directories/filenames into the

9   notes.  Such notes will be treated the same as original printouts.

10         (e) The Receiving Party may request paper copies of limited and reasonable portions of

11  source code that are reasonably necessary for the preparation of court filings, pleadings, expert

12  reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose

13  of reviewing the source code other than electronically as set forth in paragraph (c) in the first

14  instance.  For the avoidance of doubt, The Receiving Party shall be limited to 500 pages of hard

15  (non-electronic) copies of Source Code designated "HIGHLY CONFIDENTIAL - SOURCE

16  CODE" that it, in good faith, considers necessary to the preparation of its case.

17         Notwithstanding the foregoing, the Receiving Party may not request any hard copy of

18  more than 35 consecutive pages of Source Code within a module absent express permission of the

19  Producing Party or an order from the Court.  A "page" for the purposes of this limitation will be

20  defined as an 8.5 x 11" sheet of paper with 12 point font.  The page-limit restrictions on Source

21  Code are subject to increase by agreement of the parties.  If the parties are unable to agree, the

22  parties may request judicial intervention.  The Receiving Party must clearly identify good cause for

23  the additional pages.  The Producing Party must clearly state why, in light of the safeguards set forth

24  herein, it is unable to agree to additional pages.  Frivolous requests and challenges may expose a

25  Party to sanctions.  The Producing Party shall provide all such source code in paper form, including

26  Bates production numbers and the label "HIGHLY CONFIDENTIAL– SOURCE CODE."  Counsel

27  for the Producing Party shall provide copies of such original printouts to counsel for the Receiving

28  Party within four (4) business days of being notified that such original printouts have been made

1    absent an objection by the Producing Party that the production exceeds the page limits set forth in

2    this order.  The page-limit restrictions on Source Code are subject to increase by agreement of the

3    parties.  If the parties are unable to agree, the parties may request judicial intervention.  The

4    Receiving Party must clearly identify good cause for the additional pages.  The Producing Party

5    must clearly state why, in light of the safeguards set forth herein, it is unable to agree to additional

6    pages. Frivolous requests and challenges may expose a Party to sanctions.  A Receiving Party that

7    wants to use printouts of Source Code at a deposition must notify the Producing Party in writing at

8    least  six (6) business days before the date of depositions held outside the United States or  three (3)

9    business days before the date of depositions held inside the United States about the specific pages

10   the Receiving Party intends to actually use at the deposition by Bates production number, and the

11   Producing Party will bring printed copies of those portions of the code to the deposition for use by

12   the Receiving Party.

13          (f) Except as provided herein, absent express written permission from the Producing

14   Party, the Receiving Party may not create electronic images, or any other images, or make electronic

15   copies, of the Source Code designated "HIGHLY CONFIDENTIAL - SOURCE CODE" from any

16   paper copy of the Source Code for use in any manner (including, by way of example only and in no

17   way limiting, the Receiving Party may not scan Source Code designated "HIGHLY

18   CONFIDENTIAL - SOURCE CODE" to a PDF or photograph the code).  Paper copies of the

19   Source Code designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" shall not be converted

20   by the Receiving Party into an electronic document, and may not be scanned using optical character

21   recognition ("OCR") technology.  The only exception to this restriction is for the Receiving Party's

22   expert reports, including any rebuttal reports, and for filings with the Court (subject to the limitations

23   in this Protective Order).  In order to safeguard the Producing Party's Source Code that may be

24   replicated in an expert report, the parties agree that any copies of such reports that include any

25   portion of the Producing Party's Source Code may not be transmitted electronically, but must be

26   served by hand delivery (including via FedEx), unless otherwise agreed to in writing between the

27   Parties.  Images or copies of Source Code designated "HIGHLY CONFIDENTIAL - SOURCE

28   CODE" must not be included in correspondence between the parties (references to production

1   numbers must be used instead), and such images or copies must be omitted from pleadings and other

2   papers wherever possible.  If the Receiving Party reasonably believes that it needs to submit a

3   portion of Source Code designated "HIGHLY CONFIDENTIAL - SOURCE CODE" as part of a

4   filing with the Court, the Receiving Party must provide, in writing, notice of such belief to the

5   Producing Party at least five (5) calendar days before any such filing.  Within two (2) calendar days

6   of such notice, the parties shall meet and confer and discuss how to make such a filing while

7   protecting the confidentiality of the Source Code, and the Producing Party shall then provide the

8   requested portion of Source Code to the Receiving Party within three (3) calendar days of the

9   parties' meet and confer.  If the parties are unable to reach agreement at the meet and confer about

10  how such filings shall be made, the Receiving Party agrees that it shall observe at least the following

11  minimum protections in making the filing: (i) the Receiving Party will make a good faith effort to

12  rely on expert declarations or other means to describe the relevant feature or functionality of the

13  Source Code (including by identifying the corresponding production number(s) and line number(s)

14  of the reference Source Code), rather than by copying portions of the Source Code into a filing, to

15  the extent possible; (ii) if any portion of Source Code is included in a filing, the Receiving Party will

16  copy the minimal amount of Source Code that is necessary for purposes of that filing; (iii) the filing

17  will be made only under seal, and all confidential information concerning the Source Code must be

18  redacted or removed in any public versions of the filed documents; and (iv) the Receiving Party's

19  communication and/or disclosure of electronic files or other materials containing any portion of

20  Source Code in connection with a filing must at all times be limited solely to individuals who are

21  expressly authorized to view Source Code under the provisions of this Order, and all such

22  individuals, other than Outside Counsel, must be identified on the log as reviewers and/or recipients

23  of paper copies in accordance with this section.

24       (g) The Receiving Party shall maintain a record of any individual who has inspected any

25  portion of the source code in electronic or paper form.  The Receiving Party shall maintain all paper

26  copies of any printed portions of the source code in a secured, locked area.  The Receiving Party

27  shall not create any electronic or other images of the paper copies and shall not convert any of the

28  information contained in the paper copies without the advanced written consent of the Producing

1   Party into any electronic format.  Any paper copies used during a deposition shall be retrieved by the

2   Producing Party at the end of each day and must not be given to or left with a court reporter or any

3   other unauthorized individual.  Printouts of Source Code designated as "HIGHLY CONFIDENTIAL

4   - SOURCE CODE" that are marked as deposition exhibits shall not be attached to deposition

5   transcripts; rather the deposition record will identify such an exhibit by its production numbers.

6   10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

7          LITIGATION

8          If a Party is served with a subpoena or a court order issued in other litigation that compels

9   disclosure of any information or items designated in the Present Litigation as "CONFIDENTIAL,"

10  "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY

11  CONFIDENTIAL – SOURCE CODE," that Party must:

12          (a) promptly notify in writing the Designating Party.  Such notification shall include a

13  copy of the subpoena or court order;

14          (b) promptly notify in writing the party who caused the subpoena or order to issue in the

15  other litigation that some or all of the material covered by the subpoena or order is subject to this

16  Protective Order.  Such notification shall include a copy of this Protective Order; and

17          (c) cooperate with respect to all reasonable procedures sought to be pursued by the

18  Designating Party whose Protected Material may be affected.

19          If the Designating Party timely seeks a protective order, the Party served with the subpoena

20  or court order shall not produce any information designated in the Present Litigation as

21  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or

22  "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which

23  the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The

24  Designating Party shall bear the burden and expense of seeking protection in that court of its

25  confidential material.  Nothing in these provisions should be construed as authorizing or encouraging

26  a Receiving Party in the Present Litigation to disobey a lawful directive from another court.

27  11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THE

28          PRESENT LITIGATION

1      (a) The terms of this Order are applicable to information produced by a Non-Party in the

2   Present Litigation and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

3   OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

4   Such information produced by Non-Parties in connection with this litigation is protected by the

5   remedies and relief provided by this Order.  Nothing in these provisions should be construed as

6   prohibiting a Non-Party from seeking additional protections.

7      (b) In the event that a Party is required, by a valid discovery request, to produce a Non-

8   Party's confidential information in its possession, and the Party is subject to an agreement with the

9   Non-Party not to produce the Non-Party's confidential information, then the Party shall:

10      1.      promptly notify in writing the Requesting Party and the Non-Party that some

11   or all of the information requested is subject to a confidentiality agreement with a Non-Party;

12      2.      promptly provide the Non-Party with a copy of the Protective Order in this

13   litigation, the relevant discovery request(s), and a reasonably specific description of the information

14   requested; and

15      3.      make the information requested available for inspection by the Non-Party.

16      (c) If the Non-Party fails to object or seek a protective order from this court within 14

17   days of receiving the notice and accompanying information, the Receiving Party may produce the

18   Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely

19   seeks a protective order, the Receiving Party shall not produce any information in its possession or

20   control that is subject to the confidentiality agreement with the Non-Party before a determination by

21   the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of

22   seeking protection in this court of its Protected Material.

23      Pursuant to Federal Rule 45(a)(4), any party issuing a third-party subpoena must provide

24   notice and a copy of said subpoena to all other parties no less than 48 hours before service.  For a

25   period of ten (10) days after the third party produces documents in response to a third party

26   subpoena or other request ("the Review Period"), all parties shall treat the produced documents as

27   "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY," regardless of the actual

28   designations marked on said documents.  During the Review Period, any party that contends its

confidential information is or may be in the produced information, may make, remove, or modify the designations applicable to such documents.

12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately:

(a) notify in writing the Designating Party of the unauthorized disclosures and all pertinent facts relating to such disclosures;

(b) work in good faith with the Designating Party and use its best efforts to retrieve all unauthorized copies of the Protected Material;

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

(d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.    INADVERTENT PRODUCTION OF OR FAILURE TO DESIGNATE PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

The inadvertent or mistaken production of any Disclosure or Discovery Material by a Producing Party, without the designation required under Section 5 ("DESIGNATING PROTECTED MATERIAL"), above, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or secrecy, either as to the specific discovery produced or as to any other discovery relating thereto or on the same related subject matter.  Documents containing confidential or secret information inadvertently or unintentionally produced without being designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" may be retroactively designated by notice in writing of the designated class of each document by bates number or other appropriate identification

1  and shall be treated appropriately from the date written notice of the designation is provided to the

2  Receiving Party.  Such notice of retroactive designation shall be made within 10 days of discovery

3  by the Producing Party that inadvertently failed to properly designate the document(s).

4  To the extent that, prior to such notice, the Receiving Party may have disclosed the document

5  or information to persons other than the persons permitted to receive the information pursuant to

6  Paragraphs 6 and 7 above, the Receiving Party shall not be deemed to have violated the Protective

7  Order, but shall make reasonable efforts to retrieve any document or information promptly from

8  such person and to limit any further disclosure pursuant to this Protective Order.

9  The production by a Party herein shall not be deemed a waiver of any right by the Producing

10  Party to object to the admissibility of such document or thing on grounds of relevance, materiality,

11  privilege, or other valid ground of objection.  Nothing in this Protective Order shall be interpreted as

12  limiting a Party's obligation to produce documents, materials, or information in discovery, nor shall

13  this Protective Order be interpreted as limiting a Party's right to refer to or use information marked

14  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY," or

15  "HIGHLY CONFIDENTIAL – SOURCE CODE" at any deposition or hearing subject to the

16  protections herein or other order of this Court.

17  Inspection or production of privileged documents (including physical objects) shall not

18  constitute a waiver of the attorney-client privilege, work product immunity, or any other applicable

19  privilege or immunity.  After the Designating Party becomes aware of any such disclosure, the

20  Designating Party may designate any such documents as within the attorney-client privilege, work

21  product immunity or any other applicable privilege or immunity, and may request in writing return

22  of such documents to the Designating Party.  Upon request by the Designating Party, the Receiving

23  Party shall immediately retrieve and return all copies of such document(s) or confirm the destruction

24  of all copies of such document(s) within 48 hours, and the Designating Party shall serve a privilege

25  log or supplemental privilege log for the returned or retrieved documents within 48 hours reflecting

26  the claim of attorney-client privilege, work product immunity, or other applicable privilege or

27  immunity designation that formed the basis of the request for return or destruction of such

28  documents.  Nothing herein, including the return by the Receiving Party of any material alleged by

the Designating Party to have been inadvertently produced documents, shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege, work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court; provided, however, that such challenge shall not assert as a ground for challenge the fact of the initial disclosure or inspection of the documents later designated as attorney-client privileged, work product, or subject to another applicable privilege or immunity.

This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in a stipulated protective order submitted to the Court.

14.   MISCELLANEOUS

14.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2    Right to Assert Other Objections.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Export Control.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed

1  under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

2  issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing

3  that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to

4  protection under the law.  If a Receiving Party's request to file Protected Material under seal

5  pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the

6  Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise

7  instructed by the court.

8         14.5   <u>Use in Court Proceeding</u>.  In the event that any Protected Material is to be used in any

9  court proceeding in connection with the Present Litigation, the Party that intends to use the material

10  shall take all steps reasonably required to protect the confidentiality of the material during such use**.**

11  15.   <u>FINAL DISPOSITION</u>

12         Within sixty (60**)** calendar days after the final disposition of the Present Litigation, as defined

13  in Section 4 ("DURATION")**,** each Receiving Party must return all Protected Material to the

14  Producing Party or destroy such material.  Destruction of Protected Materials shall be accomplished

15  by a reasonable means selected by the Producing Party.  As used in this subdivision, "all Protected

16  Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing

17  or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed,

18  the Receiving Party must submit a written certification to the Producing Party (and, if not the same

19  person or entity, to the Designating Party) by the 60 calendar day deadline that (1) identifies (by

20  category, where appropriate) all the Protected Material that was returned or destroyed and (2)

21  affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or

22  any other format reproducing or capturing any of the Protected Material.  Notwithstanding this

23  provision, Counsel are entitled to retain one archival copy of all pleadings, motion papers, trial,

24  deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits,

25  expert reports, attorney work product, and consultant and expert work product, even if such

26  materials contain Protected Material.  Any such archival copies that contain or constitute Protected

27  Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

28

DATED:  March 5, 2018

Respectfully submitted,
KIRKLAND & ELLIS LLP

By: /s/ Adam R. Alper
Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Lien K. Dang (SBN 254221)
lien.dang@kirkland.com
KIRKLAND & ELLIS LLP
3330 Hillview Avenue
Palo Alto, California 94304
Telephone: (650) 859-7000
Facsimile:  (650) 859-7500

*Attorneys for Defendant*
FITBIT, INC.

DATED:  March 5, 2018

Respectfully submitted,

MCKOOL SMITH, P.C.

By: /s/ Courtland L. Reichman

Courtland L. Reichman (SBN 268873)
Jennifer P. Estremera (SBN 251076)
MCKOOL SMITH PC
255 Shoreline Drive, Suite 510
Redwood Shores, California 94065
Telephone: (650) 394-1400
Facsimile:  (650) 394-1422
creichman@mckoolsmith.com
jestremera@mckoolsmith.com

1

John Campbell (Pro Hac Vice)
Kathy H. Li (Pro Hac Vice)

2

MCKOOL SMITH PC
300 W. 6th Street, Suite 1700

3

Austin, Texas 78701

4

Telephone: (512) 692-8700
Facsimile:  (512) 692-8744

5

jcampbell@mckoolsmith.com
kli@mckoolsmith.com

6

7

*Attorneys for Plaintiff*
IMMERSION CORPORATION

8

9

10

**BY STIPULATION, IT IS SO ORDERED**.

11

DATED: _March 6, 2018_

12

Hon. Susan van Keulen
United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

DATED:  March 5, 2018                                                   */s/ Adam R. Alper*
                                                                                          Adam R. Alper

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Immersion Corporation v. Fitbit, Inc., N.D. Cal. No. 5:17-cv-03886-LHK*.

I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]