Courtland L. Reichman (California Bar No. 268873)
Jennifer P. Estremera (California Bar No. 251076)
MCKOOL SMITH PC
255 Shoreline Drive, Suite 510
Redwood Shores, California 94065
Telephone: (650) 394-1400
Facsimile:  (650) 394-1422
creichman@mckoolsmith.com
jestremera@mckoolsmith.com

John B. Campbell (Admitted *Pro Hac Vice*)
Kathy H. Li *(Admitted Pro Hac Vice)*
MCKOOL SMITH PC
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744
jcampbell@mckoolsmith.com
kli@mkoolsmith.com

Attorneys for Plaintiff
IMMERSION CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| **IMMERSION CORPORATION,** <br><br> Plaintiff, <br><br> v. <br><br> **FITBIT INC.,** <br><br> Defendant. | Case No. 5:17-cv-3886-LHK <br><br> **IMMERSION CORPORATION'S ANSWER TO FITBIT, INC.'S COUNTERCLAIMS** |

CASE NO. 5:17-CV-3886-LHK      IMMERSION CORPORATION'S ANSWER TO FITBIT, INC.'S COUNTERCLAIMS

Plaintiff Immersion Corporation ("Immersion") hereby answers the Counterclaims of Defendant Fitbit, Inc. ("Fitbit"). Except where expressly admitted or qualified below, Immersion denies Fitbit's allegations, and Immersion hereby incorporates the allegations set forth in Immersion's Complaint.

## THE PARTIES

1. Admitted.

2. Admitted.

## JURISDICTION AND VENUE

3. Immersion admits that this Court has jurisdiction over claims arising under 28 U.S.C. §§ 1331, 1338(a), 2201 *et. seq.*, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.* Except as expressly admitted herein, Immersion denies these allegations.

4. Admitted.

5. Admitted.

## FACTUAL BACKGROUND

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Immersion admits that an actual and justiciable controversy has arisen and exists between Immersion and Fitbit. Except as expressly admitted herein, Immersion denies these allegations.

**FIRST COUNTERCLAIM**

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,059,105**

12. Immersion repeats its responses to the paragraphs Fitbit incorporates by reference.

13. Immersion admits that on July 10, 2017, it filed its Complaint for Patent Infringement asserting that Fitbit infringes U.S. Patent No. 8,059,105 ("'105 patent"), which created a case or controversy between the parties. Except as expressly admitted herein, Immersion denies these allegations.

14. Denied.

15. Denied.

16. Denied. But as noted in Immersion's Complaint for Patent Infringement, Immersion is entitled to recover its reasonable attorneys' fees because Immersion's case alleging patent infringement is exceptional under 35 U.S.C. § 285.

**SECOND COUNTERCLAIM**

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,351,299**

17. Immersion repeats its responses to the paragraphs Fitbit incorporates by reference.

18. Immersion admits that on July 10, 2017, it filed its Complaint for Patent Infringement asserting that Fitbit infringes U.S. Patent No. 8,351,299 ("'299 patent"), which created a case or controversy between the parties. Except as expressly admitted herein, Immersion denies these allegations.

19. Denied.

20. Denied.

21. Denied. But as noted in Immersion's Complaint for Patent Infringement, Immersion is entitled to recover its reasonable attorneys' fees because Immersion's case alleging patent infringement is exceptional under 35 U.S.C. § 285.

### THIRD COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,638,301

22. Immersion repeats its responses to the paragraphs Fitbit incorporates by reference.

23. Immersion admits that on July 10, 2017, it filed its Complaint for Patent Infringement asserting that Fitbit infringes U.S. Patent No. 8,638,301 ("'301 patent"), which created a case or controversy between the parties. Except as expressly admitted herein, Immersion denies these allegations.

24. Denied.

25. Denied.

26. Denied. But as noted in Immersion's Complaint for Patent Infringement, Immersion is entitled to recover its reasonable attorneys' fees because Immersion's case alleging patent infringement is exceptional under 35 U.S.C. § 285.

### FOURTH COUNTERCLAIM

### Declaratory Judgment of Invalidity of U.S. Patent No. 8,059,105

27. Immersion repeats its responses to the paragraphs Fitbit incorporates by reference.

28. Immersion admits that on July 10, 2017, it filed its Complaint for Patent Infringement asserting that Fitbit infringes the '105 patent, which created a case or controversy between the parties. Except as expressly admitted herein, Immersion denies these allegations.

29. Denied.

30. Denied.

31. Denied.

32. Denied. But as noted in Immersion's Complaint for Patent Infringement, Immersion is entitled to recover its reasonable attorneys' fees because Immersion's case alleging patent infringement is exceptional under 35 U.S.C. § 285.

**FIFTH COUNTERCLAIM**

**Declaratory Judgment of Invalidity of U.S. Patent No. 8,351,299**

33. Immersion repeats its responses to the paragraphs Fitbit incorporates by reference.

34. Immersion admits that on July 10, 2017, it filed its Complaint for Patent Infringement asserting that Fitbit infringes the '299 patent, which created acase or controversy between the parties. Except as expressly admitted herein, Immersion denies these allegations.

35. Denied.

36. Denied.

37. Denied.

38. Denied. But as noted in Immersion's Complaint for Patent Infringement, Immersion is entitled to recover its reasonable attorneys' fees because Immersion's case alleging patent infringement is exceptional under 35 U.S.C. § 285.

**SIXTH COUNTERCLAIM**

**Declaratory Judgment of Invalidity of U.S. Patent No. 8,638,301**

39. Immersion repeats its responses to the paragraphs Fitbit incorporates by reference.

40. Immersion admits that on July 10, 2017, it filed its Complaint for Patent Infringement asserting that Fitbit infringes the '301 patent, which created a case or controversy between the parties. Except as expressly admitted herein, Immersion denies these allegations.

41. Denied.

42. Denied.

43. Denied.

44. Denied. But as noted in Immersion's Complaint for Patent Infringement, Immersion is entitled to recover its reasonable attorneys' fees because Immersion's case alleging patent infringement is exceptional under 35 U.S.C. § 285.

## AFFIRMATIVE DEFENSES TO FITBIT'S COUNTERCLAIMS

45. Immersion incorporates its responses to paragraphs 1–44.

46. Fitbit has failed to state a claim upon which relief can be granted.

47. Fitbit has not suffered any harm and/or any harm sustained by Fitbit was caused in whole or in part by Fitbit and/or third parties.

48. Fitbit's Counterclaims do not meet the requirements for declaratory relief.

49. On information and belief, Fitbit's Counterclaims are or may be barred by the doctrines of laches or waiver.

50. On information and belief, Fitbit's Counterclaims are or may be barred by the doctrine of unclean hands.

51. Immersion reserves its rights to assert additional affirmative defenses as they may become known to Immersion through discovery.

## PRAYER FOR RELIEF

Immersion denies that Fitbit is entitled to any relief. Immersion respectfully requests that judgment on Fitbit's Counterclaims be entered in favor of Immersion, that the Court award Immersion the relief requested in its Complaint, that Immersion be awarded its attorneys' fees, costs, and expenses in defending Fitbit's Counterclaims, and that Immersion be awarded such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Immersion hereby demands a trial by jury on all issues so triable.

| | | |
|---|---|---|
| 1 | DATED:  April 9, 2018 | Respectfully submitted, |
| 2 | | MCKOOL SMITH, P.C. |
| 3 | | */s/ Courtland L. Reichman* |
| 4 | | Courtland L. Reichman<br>(California Bar No. 268873) |
| 5 | | Jennifer P. Estremera<br>(California Bar No. 251076) |
| 6 | | MCKOOL SMITH PC<br>255 Shoreline Drive, Suite 510 |
| 7 | | Redwood Shores, California 94065<br>Telephone: (650) 394-1400 |
| 8 | | Facsimile:  (650) 394-1422 |
| 9 | | creichman@mckoolsmith.com<br>jestremera@mckoolsmith.com |

John B. Campbell (Admitted Pro Hac Vice)
Kathy H. Li (Admitted Pro Hac Vice)
MCKOOL SMITH PC
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744
jcampbell@mckoolsmith.com
kli@mkoolsmith.com

Attorneys for Plaintiff
IMMERSION CORPORATION

CASE NO. 5:17-CV-3886-LHK        7        IMMERSION CORPORATION'S ANSWER
                                           TO FITBIT, INC.'S COUNTERCLAIMS