| | |
|---|---|
| Courtland L. Reichman<br>(California Bar No. 268873)<br>Jennifer P. Estremera<br>(California Bar No. 251076)<br>MCKOOL SMITH PC<br>255 Shoreline Drive, Suite 510<br>Redwood Shores, California 94065<br>Telephone: (650) 394-1400<br>Facsimile:  (650) 394-1422<br>creichman@mckoolsmith.com<br>jestremera@mckoolsmith.com<br><br>John B. Campbell (Admitted *Pro Hac Vice*)<br>Kathy H. Li *(*Admitted *Pro Hac Vice)*<br>MCKOOL SMITH PC<br>300 W. 6th Street, Suite 1700<br>Austin, Texas 78701<br>Telephone: (512) 692-8700<br>Facsimile: (512) 692-8744<br>jcampbell@mckoolsmith.com<br>kli@mkoolsmith.com<br><br>*Attorneys for Plaintiff*<br>Immersion Corporation | Adam R. Alper (SBN 196834)<br>adam.alper@kirkland.com<br>555 California Street<br>KIRKLAND & ELLIS LLP<br>San Francisco, California 94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br><br>Michael W. De Vries (SBN 211001)<br>michael.devries@kirkland.com<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, California 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500<br><br>Lien Dang (SBN 254221)<br>lien.dang@kirkland.com<br>KIRKLAND & ELLIS LLP<br>3330 Hillview Avenue<br>Palo Alto, California 94304<br>Telephone: (650) 859-7000<br>Facsimile:  (650) 859-7500<br><br><br>*Attorneys for Defendant*<br>Fitbit, Inc. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMMERSION CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>FITBIT, INC.,<br><br>    Defendant. | )  CASE NO. 5:17-cv-03886-LHK<br>)<br>)<br>)  **JOINT CASE MANAGEMENT**<br>)  **STATEMENT**<br>)<br>)  Judge: Honorable Lucy H. Koh<br>)<br>)<br>) |

Pursuant to the Court's October 18, 2017 Case Management Order (Dkt. No. 35), Plaintiff and Counterclaim-Defendant Immersion Corporation ("Immersion") and Defendant and Counterclaimant Fitbit, Inc. ("Fitbit") submit this Joint Case Management Statement in anticipation of the Further Case Management Conference scheduled for May 10, 2018 at 1:30 P.M.

## I.  DEVELOPMENTS SINCE THE INITIAL CASE MANAGEMENT CONFERENCE

The following progress or changes have occurred since the last case management conference:

- On October 4, 2017, in lieu of answering, Fitbit filed a Motion to Dismiss pursuant to 12(b)(6) based on 35 USC § 101.  The hearing on Fitbit's Motion to Dismiss was set for February 15, 2018.
- On November 1, 2017, the parties served their Initial Disclosures.  On the same day, Immersion served its infringement contentions and disclosures pursuant to P.L.R. 3-1 and 3-2.
- On December 18, 2017, Fitbit served its invalidity contentions and disclosures pursuant to P.L.R. 3-3 and 3-4.
- On January 8, 2018, the parties exchanged their proposed terms for construction pursuant to P.L.R. 4-1.
- On January 23, 2018, the parties exchanged their preliminary claim constructions and supporting evidence pursuant to P.L.R. 4-2.
- On February 6, 2018, Immersion served its damages contentions pursuant to P.L.R. 3-8.
- On February 8, 2018, the parties conducted a full-day mediation with their agreed-upon mediator, Professor Francis McGovern.  No resolution has yet occurred.
- On February 13, 2018, the Court took Fitbit's Motion to Dismiss under submission without oral argument and vacated the hearing previously set for February 15, 2018.
- On March 5, 2018, the Court denied Fitbit's Motion to Dismiss under 35 USC § 101 with respect to the '105 Patent and '299 Patent, but granted the motion with respect to the '301 Patent.
- On March 8, 2018, Fitbit served its responsive damages contentions pursuant to P.L.R. 3-9.
- On March 19, 2018, Fitbit filed its Answer and Counterclaims to Immersion's Complaint.
- On April 9, 2018, Immersion filed its Answer to Fitbit's Counterclaims.
- The parties completed claim construction briefing in April.  The Claim Construction Hearing is scheduled for May 10, 2018 at 1:30 P.M.

///

///

## II. DISCOVERY

### A. Immersion's Statement

Immersion incorporates by reference Immersion's Statement in the parties' February 21, 2018 Joint Case Management Statement regarding Fitbit's production of documents. *See* Dkt. No. 52 at 1:20-4:4.

On March 8, 2018, Fitbit finally produced the technical documents it had been required to produce three months earlier when it served its invalidity contentions. The parties have met and conferred about other outstanding document requests. Since the last meet and confer on March 19, Immersion has produced roughly 20,000 documents totaling nearly 120,000 pages. Up until two days ago, Fitbit had produced only one document during that same timeframe. After receiving a draft of this statement, last night Fitbit produced approximately 2,000 documents. Immersion currently is reviewing those documents and will attempt to work with Fitbit to address any remaining deficiencies in Fitbit's productions. Immersion notes that prior to yesterday, Fitbit had not yet produced basic documentation about the accused products, including:

- Hardware and software specifications showing how Fitbit's products produce haptic effects;

- Documents identifying the particular components used in each accused product, such as the make and model number of each touch device and actuator in each accused product; and

- Documents showing the benefits Fitbit derives from using haptic effects in its products, such as marketing research and surveys.

With respect to interrogatories, Immersion continues to address several deficiencies in Fitbit's responses. Immersion will continue to work cooperatively with Fitbit to resolve any discovery disputes and will raise these issues with the Court if necessary.

### B. Fitbit's Statement

Since the parties filed their February 21, 2018 Joint Case Management Statement, and promptly upon entrance of the Protective Order in this case on March 6, 2018, Fitbit has produced

(or made available for inspection, as appropriate) significant discovery to Immersion, including the following:

- source code for the accused products identified in Immersion's infringement contentions;

- over 1,400 documents totaling more than 25,000 pages of internal, highly confidential and proprietary technical documents sufficient to show the operation of the accused instrumentalities identified in Immersion's infringement contentions;

- financial data, including gross revenue, net revenue, product cost of goods sold ("COGS"), gross units, net units, average sales price ("ASP"), gross profits and gross margins for each of the accused products identified in Immersion's infringement contentions, as well as internal presentations containing other financial information relating to revenue, gross margin, and operating expenses;

- over 2,200 additional internal technical documents totaling over 23,000 pages collected from repositories where Fitbit engineers maintain in the normal and ordinary course of business research, development, design and testing-related documents concerning the accused products identified in Immersion's infringements.

The parties have met and conferred and exchanged correspondence over the last two months to address the expansive scope of Immersion's document requests, which Fitbit believes are not proportional to the needs of this case. Fitbit continues to collect and produce additional documents responsive to Immersion's document requests despite these objections, however, and remains available to continue to work cooperatively with Immersion to address any remaining requests. Fitbit has additionally responded to Immersion's First Set of Interrogatories on January 10, 2018 (and supplemented its response on February 26, 218) and its Second Set of Interrogatories, on April 18, 2018. Immersion and Fitbit conferred on April 30, 2018 in advance of the filing of this statement, and Fitbit informed Immersion of Fitbit's continued collection of documents requested by Immersion and informed Immersion of its forthcoming productions. As discovery progresses, Fitbit will supplement its responses in accordance with the governing rules as appropriate to do so. Fitbit continues to seek discovery relating to prior art from third parties through nine subpoenas it issued between December 2017 and January 2018. Fitbit disagrees with the characterizations of its productions contained in Immersion's statement, including the categories of documents in which

**3**

Case No. 5:17-cv-03886-LHK                                             JOINT CASE MANAGEMENT STATEMENT

Immersion alleges the production is deficient.  Moreover, the document Immersion focuses on that Fitbit produced in the timeframe Immersion refers to, from March 19 to May 1, is a highly complex document with a substantial amount of information that Immersion specifically requested—it contains Fitbit's worldwide gross revenue, net revenue, product COGS, gross units, net units, and ASP for each of the accused Fitbit products on a quarterly basis.

### III.     NOTICE OF IPRS

On February 7, 2018, Fitbit filed five petitions seeking *inter partes* review ("IPR") of the asserted claims of the patents-in-suit (*i.e.,* two petitions against the U.S. Patent No. 8,059,105 ("'105 patent"); one petition against U.S. Patent No. 8,351,299; and two petitions against U.S. Patent No. 8,638,301) with the Patent Trial and Appeal Board ("PTAB") alleging that the asserted claims are invalid on the grounds that they are anticipated or obvious under 35 U.S.C. §§ 102 or 103. *See* IPR2018-00588, IPR2018-00590, IPR2018-00591, IPR2018-00592 and IPR2018-00593.  The PTAB issued notices according a February 7, 2018 filing date for all five petitions.  The deadlines for the PTAB's decision on institution are August 15, 2018 for the '105 patent, August 23, 2018 for the '301 patent, and September 17, 2018 for the '299 patent.

#### A.     **Immersion's Statement**

Should the PTAB deny Fitbit's IPR petitions or issue a final written decision determining the patentability of the instituted claims, Fitbit should be estopped from asserting further invalidity arguments against the Asserted Claims in this Action on any ground that Fitbit "raised or reasonably could have raised during that *inter partes* review."  35 U.S.C. § 315(e)(2).

Should the PTAB institute IPR on claim 19 of the '105 patent or claim 14 of the '299 patent, Fitbit should be estopped from asserting in this action that these claims are indefinite.

#### B.     **Fitbit's Statement**

Fitbit's IPR petitions ask the PTAB to find all asserted claims of the two remaining patents-in-suit to be unpatentable in view of prior art.  As noted above, institution decisions on those petitions are expected later this summer.  Fitbit agrees that the estoppel rules governing IPR

1 proceedings will apply to the extent and in the manner provided for in those rules in the event that the IPR proceedings are instituted based on Fitbit's petitions and a Final Written Decision that does not find all asserted claims to be unpatentable is issued. As to Immersion's request that estoppel be applied in this Court on indefiniteness, that would not be appropriate as set forth in Fitbit's claim construction brief.

## IV. STIPULATED E-DISCOVERY ORDER & PRIVILEGE LOGS

The parties have been working to cooperatively arrive at a mutually agreeable order on ESI discovery that is consistent with the parties' claims and defenses at issue in the case, as well as Federal and Local Rules that govern and provide guidelines for the scope of ESI discovery. As noted above, the parties intend to file their Stipulated E-Discovery Order (with any remaining disagreements to be submitted for the Court's resolution) prior to the upcoming Case Management Conference.

The parties will continue to work cooperatively and promptly to reach agreement on issues concerning privilege and privilege logs that is consistent with the needs of the case.

DATED: May 3, 2018

Respectfully submitted,

MCKOOL SMITH, P.C.

By: */s/ Courtland L. Reichman*
Courtland L. Reichman
(California Bar No. 268873)
Jennifer P. Estremera
(California Bar No. 251076)
MCKOOL SMITH PC
255 Shoreline Drive, Suite 510
Redwood Shores, California 94065
Telephone: (650) 394-1400
Facsimile: (650) 394-1422
creichman@mckoolsmith.com
jestremera@mckoolsmith.com

John B. Campbell (Admitted Pro Hac Vice)

|   |   |
|---|---|
| | Kathy H. Li (Admitted Pro Hac Vice) |
| | MCKOOL SMITH PC |
| | 300 W. 6th Street, Suite 1700 |
| | Austin, Texas 78701 |
| | Telephone: (512) 692-8700 |
| | Facsimile: (512) 692-8744 |
| | jcampbell@mckoolsmith.com |
| | kli@mkoolsmith.com |
| | |
| | *Attorneys for Plaintiff* |
| | IMMERSION CORPORATION |

DATED:  May 3, 2018              Respectfully submitted,

KIRKLAND & ELLIS LLP


By: */s/ Adam R. Alper* __
Adam R. Alper (SBN 196834)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
adam.alper@kirkland.com

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Lien Dang (SBN 254221)
lien.dang@kirkland.com
KIRKLAND & ELLIS LLP
3330 Hillview Avenue
Palo Alto, California 94304
Telephone: (650) 859-7000
Facsimile:  (650) 859-7500

*Attorneys for Defendant*
FITBIT, INC.

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

DATED: May 3, 2018                    */s/ Jennifer P. Estremera*
                                      Jennifer P. Estremera