Courtland L. Reichman
(California Bar No. 268873)
Jennifer P. Estremera
(California Bar No. 251076)
MCKOOL SMITH PC
255 Shoreline Drive, Suite 510
Redwood Shores, California 94065
Telephone: (650) 394-1400
Facsimile: (650) 394-1422
creichman@mckoolsmith.com
jestremera@mckoolsmith.com

John B. Campbell (Admitted *Pro Hac Vice*)
Kathy H. Li (Admitted *Pro Hac Vice*)
MCKOOL SMITH PC
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744
jcampbell@mckoolsmith.com
kli@mkoolsmith.com

*Attorneys for Plaintiff*
Immersion Corporation

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
555 California Street
KIRKLAND & ELLIS LLP
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Lien Dang (SBN 254221)
lien.dang@kirkland.com
KIRKLAND & ELLIS LLP
3330 Hillview Avenue
Palo Alto, California 94304
Telephone: (650) 859-7000
Facsimile: (650) 859-7500

*Attorneys for Defendant*
Fitbit, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IMMERSION CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> FITBIT, INC., <br><br> Defendant. | CASE NO. 5:17-cv-03886-LHK <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Judge: Honorable Lucy H. Koh |

Pursuant to the Court's May 4, 2018 Order Continuing Claim Construction Hearing (Dkt. No. 78), Plaintiff and Counterclaim-Defendant Immersion Corporation ("Immersion") and Defendant and Counterclaimant Fitbit, Inc. ("Fitbit") submit this Joint Case Management Statement in anticipation of the Further Case Management Conference scheduled for June 21, 2018 at 1:30 P.M.

## I. DEVELOPMENTS SINCE THE INITIAL CASE MANAGEMENT CONFERENCE

The following progress or changes have occurred since the last case management conference:

- On October 4, 2017, in lieu of answering, Fitbit filed a Motion to Dismiss pursuant to 12(b)(6) based on 35 USC § 101. The hearing on Fitbit's Motion to Dismiss was set for February 15, 2018.

- On November 1, 2017, the parties served their Initial Disclosures. On the same day, Immersion served its infringement contentions and disclosures pursuant to P.L.R. 3-1 and 3-2.

- On December 18, 2017, Fitbit served its invalidity contentions and disclosures pursuant to P.L.R. 3-3 and 3-4.

- On January 8, 2018, the parties exchanged their proposed terms for construction pursuant to P.L.R. 4-1.

- On January 23, 2018, the parties exchanged their preliminary claim constructions and supporting evidence pursuant to P.L.R. 4-2.

- On February 6, 2018, Immersion served its damages contentions pursuant to P.L.R. 3-8.

- On February 8, 2018, the parties conducted a full-day mediation with their agreed-upon mediator, Professor Francis McGovern. No resolution has yet occurred.

- On February 13, 2018, the Court took Fitbit's Motion to Dismiss under submission without oral argument and vacated the hearing previously set for February 15, 2018.

- On March 5, 2018, the Court denied Fitbit's Motion to Dismiss under 35 USC § 101 with respect to the '105 Patent and '299 Patent, but granted the motion with respect to the '301 Patent.

- On March 8, 2018, Fitbit served its responsive damages contentions pursuant to P.L.R. 3-9.

- On March 19, 2018, Fitbit filed its Answer and Counterclaims to Immersion's Complaint.

- On April 9, 2018, Immersion filed its Answer to Fitbit's Counterclaims.

- The parties completed claim construction briefing in April. The Claim Construction Hearing was originally scheduled for May 10, 2018, but was continued to June 21, 2018 at 1:30 P.M. by Court order dated May 4, 2018.

///

///

## II. SETTLEMENT DISCUSSIONS

Immersion and Fitbit have attended mediation and engaged in extensive settlement discussions since February 2018. The Parties are currently actively engaged in settlement negotiations and are in the process of working through a definitive settlement agreement.

### A. Immersion's Statement

The parties have been actively engaged in settlement discussions for four months, but at this point no definitive agreement has been reached. Fitbit asked that the Case Management Conference and *Markman* Hearing be taken off calendar. Immersion believes, however, that the Court's calendar should not be changed, and that continued deadlines in this case will facilitate settlement. Because settlement talks have been ongoing since February, it is not clear how long the discussions may take, and the case needs to move forward.

### B. Fitbit's Statement

In light of the parties' present efforts to reach a definitive settlement agreement, Fitbit believes that the upcoming Case Management Conference and *Markman* Hearing currently scheduled for June 21, 2018 at 1:30 PM should be rescheduled to a later date. Fitbit has requested Immersion's agreement to jointly file a motion to reschedule the hearing, but Immersion has refused. Fitbit is prepared to proceed with the Case Management Conference and *Markman* Hearing next week if the Court wishes to proceed, but Fitbit believes that it is appropriate to reschedule as the hearing may become unnecessary in light of the parties' ongoing settlement efforts and to conserve judicial and party resources.

## III. DISCOVERY

### A. Immersion's Statement

Immersion incorporates by reference Immersion's Statements in the parties' February 21 and May 3, 2018 Joint Case Management Statements regarding Fitbit's production of documents. *See* Dkt. No. 52 at 1:20-4:4.

On March 8, 2018, Fitbit finally produced the technical documents it had been required to produce three months earlier when it served its invalidity contentions. The parties have met and conferred about other outstanding document requests. Since the last meet and confer on March 19, Immersion has produced roughly 20,000 documents totaling nearly 120,000 pages. In that same timeframe, Fitbit has produced approximately 2,000 documents. Fitbit has not yet produced basic documentation about the accused products, including:

- Software specifications showing how Fitbit's products produce haptic effects and implement vibratory feedback;

- Product Requirement documents showing all the requirements for all of the Accused Fitbit devices except for the Fitbit Blaze; and

- Documents showing the benefits Fitbit derives from using haptic effects in its products, such as marketing research and surveys.

With respect to interrogatories, Immersion has repeatedly addressed several deficiencies in Fitbit's responses. For at least two interrogatories, Fitbit has provided no substantive response other than to identify large masses of documents. For at least four other interrogatories, Fitbit provided incomplete responses and has not addressed deficiencies that Immersion identified at least one month ago.

With respect to Fitbit's source code production, Immersion has requested that Fitbit produce additional source code relating to the Fitbit App and Dashboard, as alleged in Immersion's Infringement Contentions (dated November 1, 2017).

Immersion will continue to work cooperatively with Fitbit to resolve any discovery disputes and will raise these issues with the Court if necessary.

      **B.**    **Fitbit's Statement**

Fitbit incorporates by reference Fitbit's Statements in the parties' February 21 and May 3, 2018 Joint Case Management Statements. In particular, Fitbit has produced tens of thousands of pages of confidential and technical documents, including source code for the accused products, to Immersion, including:

- source code for the accused products identified in Immersion's infringement contentions;

- over 1,400 documents totaling 25,000 pages of internal, highly confidential and proprietary technical documents sufficient to show the operation of the accused instrumentalities identified in Immersion's infringement contentions;
- financial data, including gross revenue, net revenue, product cost of goods sold ("COGS"), gross units, net units, average sales price ("ASP"), gross profits and gross margins for each of the accused products identified in Immersion's infringement contentions, as well as internal presentations containing other financial information relating to revenue, gross margin, and operating expenses;
- over 2,200 additional internal technical documents totaling over 23,000 pages collected from repositories where Fitbit engineers maintain in the normal and ordinary course of business research, development, design and testing-related documents concerning the accused products identified in Immersion's infringements.

The parties have met and conferred and exchanged correspondence over the last several months to address the expansive scope of Immersion's document requests, which Fitbit believes are not proportional to the needs of this case. Fitbit continues to collect and produce additional documents responsive to Immersion's document requests despite these objections, however, and remains available to continue to work cooperatively with Immersion to address any remaining requests. Fitbit notes that after reaching an agreement in principal last month, both parties have been heavily focused on finalizing the settlement agreement — rather than discovery disputes — for the purposes of efficiency and in an effort to conserve party and judicial resources. As discovery progresses, Fitbit will supplement its responses in accordance with the governing rules.

Fitbit continues to seek discovery relating to prior art from third parties through nine subpoenas it issued between December 2017 and January 2018. Fitbit disagrees with the characterizations of its productions contained in Immersion's statement, including the categories of documents in which Immersion alleges the production is deficient.

**IV.   NOTICE OF IPRS**

On February 7, 2018, Fitbit filed five petitions seeking *inter partes* review ("IPR") of the asserted claims of the patents-in-suit (*i.e.,* two petitions against the U.S. Patent No. 8,059,105 ("'105 patent"); one petition against U.S. Patent No. 8,351,299; and two petitions against U.S. Patent No. 8,638,301) with the Patent Trial and Appeal Board ("PTAB") alleging that the asserted claims are invalid on the grounds that they are anticipated or obvious under 35 U.S.C. §§ 102 or 103. *See* IPR2018-00588, IPR2018-00590, IPR2018-00591, IPR2018-00592 and IPR2018-00593. The PTAB

issued notices according a February 7, 2018 filing date for all five petitions. The deadlines for the PTAB's decision on institution are August 15, 2018 for the '105 patent, August 23, 2018 for the '301 patent, and September 17, 2018 for the '299 patent.

### A. Immersion's Statement

Should the PTAB deny Fitbit's IPR petitions or issue a final written decision determining the patentability of the instituted claims, Fitbit should be estopped from asserting further invalidity arguments against the Asserted Claims in this Action on any ground that Fitbit "raised or reasonably could have raised during that *inter partes* review." 35 U.S.C. § 315(e)(2).

Should the PTAB institute IPR on claim 19 of the '105 patent or claim 14 of the '299 patent, Fitbit should be estopped from asserting in this action that these claims are indefinite.

### B. Fitbit's Statement

Fitbit's IPR petitions ask the PTAB to find all asserted claims of the two remaining patents-in-suit to be unpatentable in view of prior art. As noted above, institution decisions on those petitions are expected later this summer. Fitbit agrees that the estoppel rules governing IPR proceedings will apply to the extent and in the manner provided for in those rules in the event that the IPR proceedings are instituted based on Fitbit's petitions and a Final Written Decision that does not find all asserted claims to be unpatentable is issued. As to Immersion's request that estoppel be applied in this Court on indefiniteness, that would not be appropriate as set forth in Fitbit's claim construction brief.

## V. STIPULATED E-DISCOVERY ORDER & PRIVILEGE LOGS

The parties have been working since November to arrive at a mutually agreeable order on ESI discovery that is consistent with the parties' claims and defenses at issue in the case, as well as Federal and Local Rules that govern and provide guidelines for the scope of ESI discovery.

### A. Immersion's Statement

Immersion sent Fitbit minor revisions to the draft ESI Order on May 2, 2018, and Fitbit has not yet responded.

**B.     Fitbit's Statement**

After receiving Immersion's revisions to the draft ESI Order on May 2, 2018, the parties reached a settlement agreement in principal shortly thereafter.  As Fitbit notes above, since reaching an agreement in principal last month, both parties have been heavily focused on finalizing the settlement agreement — rather than discovery — for the purposes of efficiency and in an effort to conserve party and judicial resources.

The parties will continue to work cooperatively and promptly to reach agreement on issues concerning privilege and privilege logs that is consistent with the needs of the case.

DATED:  June 14, 2018

Respectfully submitted,

MCKOOL SMITH, P.C.

By: */s/ Courtland L. Reichman*
Courtland L. Reichman
(California Bar No. 268873)
Jennifer P. Estremera
(California Bar No. 251076)
MCKOOL SMITH PC
255 Shoreline Drive, Suite 510
Redwood Shores, California 94065
Telephone: (650) 394-1400
Facsimile:  (650) 394-1422
creichman@mckoolsmith.com
jestremera@mckoolsmith.com

John B. Campbell (Admitted Pro Hac Vice)
Kathy H. Li (Admitted Pro Hac Vice)
MCKOOL SMITH PC
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744
jcampbell@mckoolsmith.com
kli@mkoolsmith.com

Warren Lipschitz (Admitted Pro Hac Vice)
Matthew Scorcio (Admitted Pro Hac Vice)
MCKOOL SMITH PC
300 Crescent Court, Suite 1500

|    |                                |                                                                 |
|----|--------------------------------|-----------------------------------------------------------------|
| 1  |                                | Dallas, Texas 75201                                             |
| 2  |                                | Telephone: (214) 978-4000                                       |
|    |                                | Facsimile: (214) 978-4044                                       |
| 3  |                                | wlipschitz@mckoolsmith.com                                      |
|    |                                | mscorcio@mkoolsmith.com                                         |
| 4  |                                |                                                                 |
|    |                                | *Attorneys for Plaintiff*                                       |
| 5  |                                | IMMERSION CORPORATION                                           |
| 6  | DATED:  June 14, 2018          | Respectfully submitted,                                         |
| 7  |                                | KIRKLAND & ELLIS LLP                                            |

By: */s/ Adam R. Alper*
Adam R. Alper (SBN 196834)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
adam.alper@kirkland.com

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Lien Dang (SBN 254221)
lien.dang@kirkland.com
KIRKLAND & ELLIS LLP
3330 Hillview Avenue
Palo Alto, California 94304
Telephone: (650) 859-7000
Facsimile:  (650) 859-7500

*Attorneys for Defendant*
FITBIT, INC.

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

DATED: June 14, 2018                           */s/ Adam R. Alper*
                                               Adam R. Alper